# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASHEENA SIPP-LIPSCOMB and ANDRES GARDIN, SR., Individually and in their own right as P/N/G of A.G., Jr., a minor<br>　　　　　　　　　　　　　　Plaintiff(s)<br>　　　　　　v.<br><br>EINSTEIN PHYSICIANS PENNYPACK PEDIATRICS; ALBERT EINSTEIN HEALTHCARE NETWORK; ST. CHRISTOPHER'S HEALTHCARE. LLC; AMERICAN ACADEMIC HEALTH SYSTEM, LLC f/d/b/a ST. CHRISTOPHER'S HOSPITAL FOR CHILDREN; PHILADELPHIA ACADEMIC HEALTH HOLDINGS, LLC; PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC; ERIN E. HASSEL, MD; PRAMATH NATH, MD; UROLOGY FOR CHILDREN, LLC; CHARLES W. CONCODORA, MD; HAYLEY BARTKUS; ERIC Y. CHO, MD; ARJUN KALYANPUR, MD and TELERADIOLOGY SOLUTIONS, P.C.<br>　　　　　　　　　　　　　　Defendant(s) | CIVIL ACTION<br>NO.:  20-cv-01926-MMB |

## ORDER

AND NOW, this _____ day of _____, 2020, upon consideration of Defendants, Arjun Kalyanpur, MD and Teleradiology Solutions, P.C.'s Motion to Dismiss and any response thereto, it is hereby ORDERED and DECREED that all claims for punitive damages against Defendants, Arjun Kalyanpur, MD and Teleradiology Solutions, P.C. as contained in Counts  VI and IX of plaintiff's Complaint are hereby dismissed, with prejudice.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Michael M. Baylson, SJ.
　　　J.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASHEENA SIPP-LIPSCOMB and ANDRES GARDIN, SR., Individually and in their own right as P/N/G of A.G., Jr., a minor<br>　　　　　　　　　　　　　　Plaintiff(s)<br>　　　　v.<br><br>EINSTEIN PHYSICIANS PENNYPACK PEDIATRICS; ALBERT EINSTEIN HEALTHCARE NETWORK; ST. CHRISTOPHER'S HEALTHCARE. LLC; AMERICAN ACADEMIC HEALTH SYSTEM, LLC f/d/b/a ST. CHRISTOPHER'S HOSPITAL FOR CHILDREN; PHILADELPHIA ACADEMIC HEALTH HOLDINGS, LLC; PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC; ERIN E. HASSEL, MD; PRAMATH NATH, MD; UROLOGY FOR CHILDREN, LLC; CHARLES W. CONCODORA, MD; HAYLEY BARTKUS; ERIC Y. CHO, MD; ARJUN KALYANPUR, MD and TELERADIOLOGY SOLUTIONS, P.C.<br>　　　　　　　　　　　　　　Defendant(s) | CIVIL ACTION<br>NO.:  20-cv-01926-MMB |

**MOTION OF DEFENDANTS, ARJUN KALYANPUR, MD AND TELERADIOLOGY SOLUTIONS, P.C. FOR PARTIAL DISMISSAL PURSUANT TO FEDERAL RULE OF CIIVL PROCEDURE 12 (b)(6)**

　　1.　　Plaintiffs instituted this action by filing a Complaint on April 6, 2020, a copy of which is marked as Exhibit "A"

　　2.　　Co-Defendant, Kalyanpur, is a teleradiologist who at all times relevant to Plaintiffs' cause of action was an independent contractor of Co-Defendant, Teleradiology Solutions, PC. (Complaint- para.11).

　　3.　　Co-Defendant, Teleradiology Solutions, PC is a corporation which, at all times relevant to plaintiffs' cause of action, had a contract with Co-Defendant, St. Christopher's Hospital, to provide unofficial interpretations of, inter alia,

ultrasonographic examinations during nighttime/early morning hours through its contracted physicians such as Co-Defendant, Kalyanpur These studies were to be finalized by the attending staff at St. Christopher's Hospital. (Complaint- para.12).

4. At approximately 5:33 a.m. on July 24, 2019, Co-Defendant, Kalyanpur issued an unofficial interpretation of an ultrasound performed on minor plaintiff, AG, Jr., which noted, inter alia, that the study was of "poor quality", that it was a markedly limited evaluation and he recommended clinical correlation. (Complaint para.55)

5. Plaintiffs' sole theory of liability against Co-Defendant, Kalyanpur, is negligence (Complaint Count VI).

6. Plaintiffs' specific allegations of negligence against all of the individual defendants are contained in paragraph 110 of the Complaint.

7. Plaintiffs' sole theory of liability against, Co-Defendant, Teleradiology Solutions, PC is vicarious liability for any alleged negligence on the part of Co-Defendant, Kalyanpur . (Complaint Count IX).

8. Plaintiffs have requested an award of punitive damages against both Moving Defendants.

9. Plaintiffs' allegations of negligence against both Moving Defendants assert nothing more than ordinary negligence and do not rise to the level of punitive damages.

10. Plaintiffs' Complaint sets forth allegations of medical negligence against Moving Defendants but fails to set forth factual allegations which would rise

to the level of willful, wanton and/or outrageous conduct warranting punitive damages.

11.   Plaintiffs have not asserted any federal claims against Moving Defendants.

12.   "The legal standard for punitive damages for state law claims is a matter of state law". Estate of Bernice Goldberg v. Philip Nimoityn, M.D., et al. EDPA (2014), 2014 U.S. Dist. LEXIS 102984, 2014 WL 3732206; citing Griffiths v. CIGNA, Corp., 857 F. Supp. 399, 409-410 (E.D. Pa. 1994), aff'd., 60 F.3d 814 (3d Cir. 1995).

13.   In Pennsylvania, the recovery of punitive damages in medical malpractice litigation is governed by Section 505 of the Medical Care Availability and Reduction of Error Act ("MCARE Act"), 40 P.S. §1303.505. Section 505 provides, in pertinent part, as follows:

> §1303.505. Punitive damages.  (a) Award. – Punitive damages may be awarded for conduct that is the result of the health care provider's willful or wanton conduct or reckless indifference to the rights of others.

See 40 P.S. §1303.505(a)

14.   Importantly, in the context of a medical negligence claim, "[a] showing of gross negligence is insufficient to support an award of punitive damages." 40 P.S. §1303.505(b).

15.   Punitive damages are generally not recoverable in malpractice actions unless the medical provider's deviation from the applicable standard of care is so

egregious as to evince a conscious or reckless disregard of a patent risk of harm to the patient. *See, e.g. McDaniel v. Merck, Sharp & Dohme,* 533 A.2d 436, 447-48 (Pa. Super. 1987); *McElwain v. Martini,* 16 Pa. D. & C.5th 175, 179-180 (C.P. Monroe 2010).

16. Mere conclusory statements are insufficient to sustain a claim for punitive damages, and this Court need not accept as true any such statements for the purpose of preliminary objections. *See, e.g., Werner v. Plater-Zyberk,* 799 a.2D 776, 782 (Pa. Super. 2002).

17. Indeed, when determining if a claim for punitive damages is appropriate, the trial court must look beyond conclusory allegations and examine the substance of the factual allegations to determine whether the facts pled, if proven, would be legally sufficient to satisfy the required elements for punitive damages. *See McDaniel v. Merck, Sharp & Dohme, supra,* 533 A.2d at 447.

18. As the Pennsylvania Superior Court confirmed, to support a punitive damages claim on the basis of "reckless indifference," such claim "must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted. Or failed to act, as the case may be, in conscious disregard of that risk." *Daniel v. Wyeth Pharmaceuticals, Inc.,* 15 A.3d 909, 929-930 (Pa. Super. 2011).

19. Moreover, the Pennsylvania courts have consistently found that punitive damages are an "extreme remedy," available in only the most exceptional matters. *See Phillips v. Cricket Lighters,* 883 A.2d 439, 445-446 (Pa. 2005).

20. In this case, plaintiffs merely allege that Co-Defendant, Kalyanpur, issued an incorrect preliminary reading of an admittedly substandard ultrasound that was required to be finalized by the attending radiology staff at St. Christopher's Hospital.

21. Plaintiffs' conclusory allegations of reckless, wanton, willful, intentional and outrageous conduct have no supporting factual bases and cannot possibly serve as the basis for a claim for punitive damages.

22. Further, with respect to punitive damages against healthcare entities, such as Moving Defendant herein, Section 505(c) of the MCARE Act provides that: "Punitive damages shall not be awarded against a health care provider who is only *vicariously liable* for the actions of its agents that caused the injury unless it can be shown by a preponderance of the evidence that the party *knew of and allowed* the conduct by its agent that resulted in the award of punitive damages." 40 Pa. C.S. § 1303.505(c) (emphasis added).

23. Section 505(c) "creates a vicarious liability standard which is *more demanding* than that set forth in the common law." *See Wagner v. Onofrey, 2006 Pa. Dist. & Cnty. Dec. LEXIS 333 \*1, \*13* (C.P. Lackawanna 2006) (Nealon, J.) (emphasis added).

24. Specifically, "[b]y virtue of this heightened standard of proof for vicarious liability, 'a patient must now *aver and establish* that the health care principal was cognizant of the agent's willful, wanton or recklessly indifferent treatment and allowed that conduct to proceed unabated.'" *Lasavage v. Smith,* 23 Pa.

D. & C. 5th 334, 344 (C.P. Lackawanna 2011) (Nealon, J.) (emphasis added) (citation omitted).

25. Here, Plaintiffs' Complaint contains no pleaded facts suggesting that Moving Defendant knew of and allowed any conduct that could result in an award of punitive damages. *See* 40 Pa. C.S. §1303.505(c).

26. Again, plaintiffs' Complaint alleges that an admittedly substandard, preliminary ultrasound was not properly read. The conclusory allegations of reckless, wanton, willful, intentional and outrageous conduct are insufficient to meet the heightened standard under the MCARE Act, as there are no *facts* to support these bald allegations.

27. Accordingly, Plaintiffs' claims for punitive damages against Moving Defendants must be dismissed with prejudice.

WHEREFORE, Moving Defendants, Arjun Kalyanpur, MD and Teleradiology Solutions, P.C. respectfully request this Honorable Court enter the attached Order, dismissing Plaintiffs' claims for punitive damages and allegations against Moving Defendants of reckless, wanton, willful, intentional or outrageous conduct.

                                                RESPECTFULLY SUBMITTED,
                                                KIERNAN TREBACH LLP

                                                GEORGE L. YOUNG, ESQUIRE
                                                Attorney ID No. 26221
                                                *Attorney for Defendants, Arjun Kalyanpur, MD and Teleradiology Solutions, P.C.*

Date:  November 11, 2020

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASHEENA SIPP-LIPSCOMB and ANDRES GARDIN, SR., Individually and in their own right as P/N/G of A.G., Jr., a minor<br><br>Plaintiff(s)<br><br>v.<br><br>EINSTEIN PHYSICIANS PENNYPACK PEDIATRICS; ALBERT EINSTEIN HEALTHCARE NETWORK; ST. CHRISTOPHER'S HEALTHCARE. LLC; AMERICAN ACADEMIC HEALTH SYSTEM, LLC f/d/b/a ST. CHRISTOPHER'S HOSPITAL FOR CHILDREN; PHILADELPHIA ACADEMIC HEALTH HOLDINGS, LLC; PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC; ERIN E. HASSEL, MD; PRAMATH NATH, MD; UROLOGY FOR CHILDREN, LLC; CHARLES W. CONCODORA, MD; HAYLEY BARTKUS; ERIC Y. CHO, MD; ARJUN KALYANPUR, MD and TELERADIOLOGY SOLUTIONS, P.C.<br><br>Defendant(s) | CIVIL ACTION<br>NO.:  20-cv-01926-MMB |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS, ARJUN KALYANPUR, MD AND TELERADIOLOGY SOLUTIONS, P.C. FOR PARTIAL DISMISSAL PURSUANT TO FEDERAL RULE OF CIIVL PROCEDURE 12 (b)(6)**

### I.     MATTER BEFORE THE COURT

The Motion of Defendants, Arjun Kalyanpur, MD and Teleradiology Solutions, P.C., for Partial Dismissal for Failure to State a Claim Under Rule 12(b)(6) of Plaintiffs' claims for punitive damages, and allegations of reckless, wanton, willful, intentional and/or outrageous conduct.

### II.     QUESTION PRESENTED

Whether Plaintiffs' claims against Defendants, Arjun Kalyanpur, MD and Teleradiology Solutions, P.C. for punitive damages, and allegations of reckless, wanton,

willful, intentional and/or outrageous conduct, should be dismissed as a matter of law, where the allegations contained in Plaintiffs' Complaint as to whether an allegedly improperly read, admittedly substandard, preliminary ultrasound report which had to finalized and which recommended clinical correlation do not rise to the level of egregious, outrageous conduct necessary to support a claim for punitive damages under Pennsylvania law?

        **SUGGESTED ANSWER:   Yes.**

### III. FACTUAL BACKGROUND

At 5:33 a.m. on July 24, 2019, Dr. Arjun Kalyanpur, a radiologist and independent contractor with Teleradiology Solutions, was asked to perform an emergency teleradiology interpretation of an ultrasound performed on minor plaintiff A.J., Jr at Children's Hospital in Philadelphia. It is admitted that the study was of poor quality and was a markedly limited evaluation because the patient was non-cooperative. Due to the fact that the study was substandard, Dr. Kalyanpur recommended clinical follow up. Further, Children's Hospital requires that all interpretations issued by Teleradiology Solutions be finalized by the Hospital's attending staff. Dr. Kalyanpur's allegedly substandard interpretation of that study is the sole claim of liability against him. The only claim against Teleradiology Solutions, PC is vicarious liability for the alleged negligence of Dr. Kalyanpur.

IV. **LEGAL ARGUMENT**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a Motion to Dismiss for failure "to state a claim upon which relief can be granted." Plaintiffs' Complaint set forth allegations of medical negligence against the Moving Defendants, but fails to set forth factual allegations which would rise to the level of willful, wanton, outrageous conduct warranting punitive damages. Therefore, Plaintiffs' claims for punitive damages should be dismissed from the Complaint.

Plaintiffs have not asserted any federal claims against Moving Defendants. Rather, the claims against Moving Defendants stem from state claims of medical negligence. "The legal standard for punitive damages for state law claims is a matter of state law." Estate of Bernice Goldberg v. Philip Nimoityn, et al., E.D.Pa. (2014), 2014 U.S. Dist LEXIS 102984, 2014 WL 3732206; citing Griffiths v. CIGNA, Corp., 857 F Supp. 399, 409-410 (E.D.Pa. 1994), aff'd., 60 F.3d 814 (3d Cir. 1995).

In Pennsylvania, the recovery of punitive damages in medical malpractice litigation is governed by Section 505 of the Medical Care Availability and Reduction of Error ("MCARE Act"), 40 P.S. §1303.505. Section 505 provides in pertinent part, as follows:

> §1303.505. Punitive Damages. (a) Award – Punitive damages may be awarded for conduct that is the result of the healthcare provider's willful or wanton conduct or reckless indifference to the rights of others.

*See* §1303.505(a).

Importantly, in the context of a medical negligence claim "[a] showing of gross negligence is insufficient to support an award of punitive damages."§1303.505(b).

Punitive damages are generally not recoverable in malpractice actions unless the medical provider's deviation from the applicable standard of care is so egregious as to evince a conscious or reckless disregard of a patent risk of harm to the patient.  *See. e.g., McDaniel v. Merck, Sharp & Dohme,* 533 A.2d 436, 447-48 (Pa. Super 1987), *McElwain v. Martini,* 16 Pa. D. & C.5th 175, 179-80 (C.P. Monroe 2010).  As the Pennsylvania Superior Court confirmed, to support a punitive damages claim on the basis of "reckless indifference," such claim "must be supported by evidence sufficient to establish that (1) a Defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Daniel v. Wyeth Pharmaceuticals, Inc.,* 15 A.3d 909, 929-930 (Pa. Super. 2011).  Mere conclusory statements are insufficient to sustain a claim for punitive damages, and this Court need not accept as true any such statements for the purpose of Preliminary Objections.  *See. e.g., Werner v. Plater-Zyberk,* 799 A.2d 766, 782 (Pa. Super. 2002).

  Indeed, when determining if a claim for punitive damages is appropriate, the trial Court must look beyond conclusory allegations and examine the substance of the factual allegations to determine whether the facts pled, if proven, would be legally sufficient to satisfy the required elements for punitive damages.  *See. McDaniel v. Merck, Sharp & Dohme, supra.,* 533 A.2d at 447.  Moreover, the Pennsylvania Courts have consistently found that punitive damages are an "extreme remedy", available in only the most exceptional matters.  *See Phillips v. Cricket Lighters,* 883 A.2d 439, 445-446 (Pa. 2005).

In this case, Plaintiffs allege that Dr. Kalyanpur negligently interpreted an emergency ultrasound. Such allegations, even if proven, rise to no more than ordinary negligence. Plaintiffs' conclusory allegations of reckless, wanton, willful, intentional and outrageous conduct have no supporting factual bases and cannot possibly serve as the basis for a claim for punitive damages.

Further, with respect to punitive damages against healthcare entities, such as Moving Defendant herein, Section 505(c) of the MCARE Act provides that: "Punitive damages shall not be awarded against a healthcare provider who is only ***vicariously liable*** for the actions of its agents that caused the injury unless it can be shown by a preponderance of the evidence that the party ***knew of and allowed*** the conduct by its agent that resulted in the award of punitive damages." 40 Pa. C.S.§1303.505(c) (emphasis added). Section 505(c) "creates a vicarious liability standard which is ***more demanding*** than that set forth in the common law." *See Wagner v. Onofrey,* 2006 Pa. Dist. & Cnty. Dec. LEXIS 333 *1, *13 (C.P. Lackawanna 2006). (Nealon, J.) (emphasis added).

Specifically, to make out a claim for punitive damages in a claim for vicarious liability, "[b]y virtue of this heightened standard of proof for vicarious liability, 'a patient must now ***aver and establish*** that the healthcare principal was cognizant of the agent's willful, wanton or recklessly indifferent treatment and allowed that conduct to proceed unabated." *Lasavage v. Smith,* 23 Pa. D. & C. 5th , 334, 344 (C.P. Lackawanna 2011) (Nealon, J.) (emphasis added) (citation omitted).

Here, Plaintiffs' Complaint alleges that an emergency ultrasound was improperly read by Dr. Kalyanpur. The Complaint contains no pleaded facts suggesting that Moving Defendant knew of and allowed any conduct that could result in an award of punitive damages. *See* 40 Pa. C.S. §1303.505(c). The conclusory allegations of reckless, wanton, willful, intentional and outrageous conduct are insufficient to meet the heightened standard under the MCARE Act, as there are no *facts* to support these bald allegations. Accordingly, Plaintiffs' claims for punitive damages against Moving Defendants must be dismissed with prejudice.

## V. CONCLUSION

Based on the foregoing, Moving Defendants, Arjun Kalyanpur, MD and Teleradiology Solutions, P.C. respectfully request this Honorable Court enter the attached Order, dismissing Plaintiffs' claims for punitive damages and allegations against Moving Defendants of reckless, wanton, willful, intentional or outrageous conduct.

RESPECTFULLY SUBMITTED,
KIERNAN TREBACH LLP

GEORGE L. YOUNG, ESQUIRE
Attorney ID No. 26221
Ten Penn Center Plaza, Suite 770
1801 Market Street
Philadelphia, PA 19103
Tel.: 215-569-4433
Fax: 215-569-4434

*Attorney for Defendants, Arjun Kalyanpur, MD and Teleradiology Solutions, P.C.*

Date: November 11, 2020

**CERTIFICATE OF SERVICE**

      I, George L. Young, Esquire, hereby certify that a true and correct copy of the foregoing Motion to Dismiss of Defendants, Arjun Kalyanpur, MD and Teleradiology Solutions, P.C. was forwarded via the Court's Electronic Filing System upon the following:

**COUNSEL FOR PLAINTIFF**
David E. Jokelson, Esquire
Derek E. Jokelson, Esquire
JOKELSON LAW GROUP, P.C.
230 S. Broad Street, 10th floor
Philadelphia, PA 19102

**COUNSEL FOR EINSTEIN PHYSICIANS PENNYPACK PEDIATRICS AND ALBERT EINSTEIN HEALTHCARE NETWORK**
Joseph G. Zack, Esquire
POST & POST, LLC
920 Cassatt Road, Suite 102
Berwyn, PA 19312

**COUNSEL FOR ST. CHRISTOPHER'S HEALTHCARE, LLC; AMERICAN ACADEMIC HEALTH SYSTEM, LLC; PHILADELPHIA ACADEMIC HEALTH HOLDINGS, LLC; PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC; ERIN E. HASSEL, M.D.; PRAMATH NATH, M.D.; AND HAYLEY BARTKUS**
Gary M. Samms, Esquire
Katherine Robinson, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
1500 Market Street
Center Square West – 34th Floor
Philadelphia, PA 19102

**COUNSEL FOR UROLOGY FOR CHILDREN, LLC AND CHARLES W. CONCODORA, M.D.**
John P. Shusted, Esquire
Nikki Mosco, Esquire
GERMAN GALLAGHER & MURTAGH, PC
200 South Broad Street, Suite 500
Philadelphia, PA 19102

**COUNSEL FOR ERIC Y. CHO, M.D.**
E. Chandler Hosmer, III, Esquire
Jacqueline M. Reynolds, Esquire
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
620 Freedom Business Center, Suite 300
King of Prussia, PA 19406

By: _____
GEORGE L. YOUNG, ESQUIRE

Date:  November 11, 2020