# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LASHEENA SIPP-LIPSCOMB** *et al.* <br><br> v. <br><br> **EINSTEIN PHYSICIANS PENNYPACK PEDIATRICS,** *et al.* | **CIVIL ACTION** <br><br> **NO. 20-1926** |

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                                    **December 9, 2020**

### I.   Introduction

Two parents have sued their infant's medical providers for malpractice-related claims, arguing the defendants left their infant with permanent and severe physical damage. The Court now considers three motions to dismiss: St. Chris Defendants' (ECF 68), Teleradiologist Defendants' (ECF 81), and Defendant Eric Cho's (ECF 83).[1] Of these three sets of defendants, St. Chris Defendants and Cho request dismissal of Plaintiffs' negligence per se claims and Teleradiologist Defendants and Cho request dismissal of Plaintiffs' claims for punitive damages.

Although the Court finds that Plaintiffs have successfully pleaded negligence per se as a theory of liability, it agrees with Cho that Pennsylvania law does not permit Plaintiffs to plead it as a separate claim from general negligence. As such, it will DISMISS Count VII (Negligence

---

[1] "St. Chris Defendants" indicates American Academic Health System, LLC; Hayley Bartkus; Erin E. Hassel, MD; Pramath Nath, MD; Philadelphia Academic Health Holdings, LLC; Philadelphia Academic Health System, LLC; and St. Christopher's Healthcare, LLC.
"Teleradiologist Defendants" indicates Arjun Kalyanpur, MD, and Teleradiology Solutions, P.C.

1

Per Se) but will grant leave for Plaintiffs to amend Count VI (Negligence) to include their theory of negligence per se. It will, however, DENY the Cho and Teleradiologists' motions to dismiss claims for punitive damages and St. Chris Defendants' motion to dismiss claims relying on the theory of negligence per se liability.

## II.     Facts Alleged

The Court assumes that Plaintiffs' factual allegations are true for the purposes of a motion to dismiss. Lasheena Sipp-Lipscomb and Andres Gardin, Sr. are the parents of an infant son (identified as "Baby G"; collectively the three are "Plaintiffs"). Am. Compl. (ECF 57) at ¶ 1. In July 2019, Plaintiffs discovered that Baby G was experiencing painful swelling consistent with testicular torsion, a medical condition that requires urgent treatment. Id. at ¶¶ 21–22.

When the condition did not go away after several days, Plaintiffs brought Baby G to the emergency department at St. Christopher's Hospital. Id. at ¶ 34. His primary doctors there were Erin Hassel and Pramath Nath. Id. Hassel and Nath ordered an ultrasound to rule out torsion as a cause of harm, which technician Hayley Bartkus performed. Id. at ¶¶ 41–42. Bartkus was not a physician and did not have the certification to provide medical analysis based on the ultrasound results. Id. at ¶ 46.

Bartkus nevertheless did just that, telling Hassel that she was "confident there is good blood flow in both testicles," id. at ¶ 48, and, therefore, she "was NOT concerned for torsion," id. at ¶ 52.

Hassel requested that two other doctors view the ultrasound.

- Eric Cho, a urologist, told Hassel that he was not confident in the results of the ultrasound, id. at ¶ 54, but believed that testicular torsion was unlikely, id. at ¶¶ 58, 59. Cho performed a subsequent re-evaluation of the patient but did not change his

2

conclusions. Id. at ¶ 57. He also stated that "the ultrasound was officially reported as normal with normal testicular flow bilaterally," despite the fact that there was no official report. Id. at ¶¶ 59, 60.

- Arjun Kalyanpur, a teleradiologist, performed a "[m]arkedly limited evaluation," due to the "poor quality" of the ultrasound. Id. at ¶ 55. He found "[n]o evidence of testicular torsion in this limited evaluation" and recommended "clinical correlation and follow[-up]." Id. Kalyanpur is employed as the President of Teleradiology Solutions, P.C. Id. at ¶ 12.

Hassel and Nath discharged Baby G from the hospital. Id. at ¶ 64. Their paperwork showed that they relied on Bartkus' analysis; their sole given discharge rationale was that the "U/S [(ultrasound)] of poor quality, however U/S tech reported good flow to both testicles during exam," which was inconsistent with testicular torsion. Id. Their paperwork did not indicate any reliance on Cho or Kalyanpur's analyses. Id.

Hours after this discharge, a radiologist at the hospital performed the official interpretation of the ultrasound. Id. at ¶ 69. This report noted that, "[a]lthough a preliminary report was provided by teleradiology indicating no evidence of testicular torsion," the doctor needed a clearer ultrasound to rule it out. Id.

The hospital requested that Plaintiffs return for another ultrasound. Id. at ¶ 72. After the new ultrasound, Baby G's doctors found evidence of testicular torsion. Id. at ¶ 76. Due to the delay in diagnosis, however, surgeons were unable to salvage Baby G's injured testicle, and they removed it permanently. Id. at ¶ 78.

3

### III. <u>Procedural History</u>

Plaintiffs initially brought suit on April 16, 2020. ECF 1. After briefing on three different sets of motions to dismiss from various defendants, this Court denied two motions; it denied in part and granted in part the third. ECF 38.

Plaintiffs then amended their complaint on September 21, 2020. ECF 57. The Amended Complaint substituted the identities of initially-unknown Doe defendants and expanded on the allegations following preliminary discovery. St. Chris Defendants filed their present motion to dismiss for failure to state a claim on October 5, 2020. ECF 68. Plaintiffs responded in opposition on October 19, 2020, ECF 73, and Defendants replied on October 29, 2020, ECF 77. The Court permitted Plaintiffs to file a sur-reply, which they filed on November 10, 2020. ECF 80.

Teleradiologist Defendants filed their motion to dismiss November 11, 2020, ECF 81, to which Plaintiffs responded on November 16, 2020, ECF 82. Cho filed his motion to dismiss November 16, 2020, ECF 83, and Plaintiffs responded November 27, 2020, ECF 84. Neither Teleradiologist Defendants nor Cho replied to Plaintiffs' response briefs.

### IV. <u>Legal Standard</u>

In considering motions to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." <u>Warren Gen. Hosp. v. Amgen, Inc.</u>, 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

Although a court must accept all factual allegations contained in a complaint as true, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted.  Id. at 678, 684.  Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 678 (citing Twombly, 550 U.S. at 556).

**V.      Analysis**

Presently before the Court are three motions to dismiss.  First, St. Chris Defendants and Cho argue that the Court should dismiss Plaintiffs' negligence per se claim, which arises under the Medical Practice Act and the Osteopathic Medical Practice Act (the "Acts").  As relevant here, a non-physician's diagnosis of a disease without the review and supervision of a licensed attorney would violate either Act.  63 P.S. §§422.10, 422.17 (MPA);[2] 63 P.S. § 271.3 (OMPA).  Second, Cho joins Teleradiologist Defendants in arguing that the Court should dismiss Plaintiffs' claims for punitive damages against them.

The Court will first examine the negligence per se challenges and then the punitive damages arguments.

    a.   Cho's Negligence Per Se Challenges

Cho moves to dismiss the negligence per se claims because, as he argues, in part, that Plaintiffs cannot assert negligence per se as a distinct claim from general negligence.  Cho is

---

[2] Plaintiffs provide practice parameters from the American College of Radiology, which state that "[i]t is not appropriate for nonphysicians to provide interpretations and/or generate diagnostic reports (final or preliminary)."  ECF 73-1 at 2.  Drawing all reasonable inferences in Plaintiffs' favor, this is sufficient to illustrate the relevant "acceptable medical practice" under the MPA.

correct in indicating that, under Pennsylvania law, "[n]egligence per se is not a separate cause of action, but is instead a theory of liability that supports a negligence claim." Simmons v. Simpson House, Inc., 224 F. Supp. 3d 406, 417 (E.D. Pa. 2016) (Pappert, J.). As such, a claim of general negligence "subsume[s]" a claim of negligence per se, and the court must dismiss the standalone negligence per se claim to permit plaintiffs to plead it as a theory for liability under general negligence. Id.; see also Ramsey v. Summers, No. 10-cv-00829, 2011 WL 811024, at *2 (W.D. Pa. Mar. 1, 2011) (citing Zaborowski v. Hospitality Care Ctr. of Hermitage, Inc., 60 Pa. D. & C.4th 474, 498 (Pa. Com. Pl. 2002)) (dismissing negligence per se claim but "grant[ing plaintiffs] leave to amend their Complaint to incorporate the negligence per se claim within the negligence claim").

The Court will DISMISS Plaintiffs' negligence per se claim but grant them leave to amend their negligence claims in their complaint to encompass the theory of negligence per se. The Court need not address Cho's other arguments at this time.

  b. St. Chris' Negligence Per Se Challenges

St. Chris Defendants move to dismiss Plaintiffs' theory of negligence per se[3] as inapplicable based on new allegations Plaintiffs added since the Court's prior motion to dismiss opinion. See Sipp-Lipscomb v. Einstein Phys. Pennypack Pediatrics, No. 20-cv-01926, 2020 WL 4334905 (E.D. Pa. July 28, 2020) (Baylson, J.) ("Sipp-Lipscomb I"). In the Amended Complaint, Plaintiffs now allege that both Cho and Kalyanpur reviewed Baby G's ultrasound prior to his discharge. They still allege that his attending doctors, Hassel and Nath, relied only on Bartkus' unlicensed interpretation of the ultrasound to make their discharge decision.

---

[3] In light of its dismissal of negligence per se as a standalone claim, the Court will interpret St. Chris Defendants' challenges as pertaining to negligence per se as a theory of liability.

6

St. Chris Defendants present three arguments against negligence per se: (1) the statutes governing unauthorized practice of medicine do not apply because an initial interpretation of an ultrasound is not "practice of medicine"; (2) there was no breach of the relevant statutes because two doctors properly reviewed the technician's diagnosis; and (3) there was no proximate cause — even if a non-certified technician performed preliminary analysis of the ultrasound, the initial failure to diagnose torsion would have stemmed from the other doctors' intervening review.

The Court rejected each of these arguments, whether explicitly or implicitly, in Sipp-Lipscomb I, and Plaintiffs' further allegations do not change its conclusions:

- The Acts "clearly proscribe" an unlicensed technician from diagnosing a patient based on an ultrasound without meaningful supervision;

- While the Acts include a safe harbor for properly supervised practice of medicine, the practice is not properly supervised where the physician allegedly relied on an unlicensed individual's diagnosis at face value, heedless of the reviewing doctors' comments; and

- If a doctor allegedly "relied on the ultrasound technician's assessment of the sonogram," other licensed doctors' outside review does not break the causal chain between the unlawful diagnosis and the plaintiffs' resulting injury.

Sipp-Lipscomb I, 2020 WL 4334905, at *6–7.

Because the doctors' decision to discharge Baby G allegedly rested on a non-physician's unsupervised diagnosis, the relevant holdings of Sipp-Lipscomb I still apply. Plaintiffs have satisfactorily claimed that St. Chris Defendants improperly violated the Acts by allegedly permitting Bartkus to perform unauthorized practice of medicine without the requisite oversight.

7

The alleged unauthorized practice of medicine, as defined under either the MPA or OMPA, proximately caused injury to Plaintiffs by critically delaying Baby G's treatment. The Court must therefore DENY St. Chris Defendants' motion to dismiss the theory of negligence per se.

    c.   Punitive Damages Challenges

Both Cho and Teleradiologist Defendants ask the Court to dismiss all punitive damages against them;[4] Teleradiologist Defendants also challenge Plaintiffs' claim for punitive damages based on vicarious liability for Kalyanpur's alleged negligence.

Punitive damages are available in medical malpractice lawsuits only where "the actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." Sipp-Lipscomb I, 2020 WL 4334905, at *3 (quoting Dubuse v. Quinlan, 125 A.3d 1231, 1240 (Pa. Super. Ct. 2015)). Punitive damages arise through vicarious liability where "it can be shown by a preponderance of the evidence that the party knew of and allowed the conduct by its agent that resulted in the award of punitive damages." Id. (quoting 40 P.S. § 1303.505(c)).

Plaintiffs have pleaded sufficient factual allegations that, for Rule 12 purposes only, the Court cannot grant. A motion to dismiss is simply not the proper vehicle for dismissing these claims, and the Court will DENY their motions to do so.

---

[4] Teleradiologist Defendants challenge, in part, punitive damages for negligence per se. As above, the Court will address these arguments as they pertain to the theory of negligence per se rather than the existing claim of negligence per se.

8

## VI. <u>Conclusion</u>

For the reasons set forth above, the Court will (1) GRANT in part and DENY in part Eric Cho's motion to dismiss and (2) DENY St. Chris Defendants' and Teleradiology Defendants' motions to dismiss.

An appropriate Order follows.

O:\CIVIL 20\20-1926 Sipp-Lipscomb v Einstein Phys\20cv1926 memorandum re mtd 12092020.docx