**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| LASHEENA SIPP-LIPSCOMB *et al.* | CIVIL ACTION |
|---|---|
| v. | NO. 20-1926 |
| EINSTEIN PHYSICIANS PENNYPACK PEDIATRICS, *et al.* | |

**MEMORANDUM RE: PETITION TO ENFORCE SUBPOENA**

**Baylson, J.**                                                                    **October 29, 2021**

**I.     Introduction**

In this medical malpractice lawsuit, Plaintiffs allege that various Defendants rendered substandard care while their child suffered from undiagnosed testicular torsion, resulting in their child losing a testicle.  See generally ECF 1 (Compl.).  Defendants include St. Christopher's Hospital for Children and Teleradiology Services, P.C., a group of radiologists that act as independent contractors for St. Christopher's.

In May 2021, Plaintiffs learned of a document called the Poletto Report during a deposition.  The Poletto Report, as described by Plaintiffs, is a report reviewing the quality of care for the allegedly injured infant-plaintiff, authored by a radiologist named Erica Poletto who works for St. Christopher's.   This Court ordered production of the Poletto Report and related documentation and metadata on the basis that peer review privilege did not attach to the Poletto Report itself. ECF 116.  Plaintiffs then moved the Court to enforce the subpoena directed to Dr. Poletto and compel testimony regarding the Report.  Upon a recorded telephonic conference, the Court ordered (1) Poletto to be deposed regarding the structure and process of peer review at St. Christopher's Hospital; and (2) supplemental briefing in light of this testimony regarding whether the peer review privilege applies.

1

In the present motion before this Court, Plaintiffs argue that the deposition of Dr. Poletto regarding the creation of this document has indicated that further substantive discovery regarding its contents should not be barred.  Defendant St. Christopher argues that "peer review privilege" attaches to this document and would therefore also preclude Plaintiffs from deposing Dr. Poletto regarding the substantive contents of this document.  See ECF 119.

## II.    Peer Review Privilege

The Peer Review Production Act (PRPA) was enacted in 1974 to provide a framework for health care providers to evaluate the quality and efficiency of services performed by other professional health care providers via peer review processes. 63 P.S. § 425.2.  The PRPA provides immunity in certain circumstances to those involved in the peer review process and seeks to protect the documents and communications generated by and through this process. 63 P.S. § 425.3. As interpreted by Reginelli v. Boggs, 645 Pa. 470 (2018):

> The proceedings and records of a review committee shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action against a professional health care provider . . . .

In Reginelli, the Court held that an organization providing independent contractor emergency room services to a hospital, such as Defendant Teleradiology Services, could not assert peer review privilege under the PRPA because they are not considered a "professional health care provider" by virtue of the fact that such organizations are unregulated and unlicensed. Id. at 486 (2018).  Thus, the question presented to this Court involves only whether or not St. Christopher's could assert peer review privilege over documents and testimony related to the Poletto Report.

## III.    Poletto Deposition

Dr. Poletto's deposition has revealed the following: (1) the Report was partially authored by Dr. Poletto, and partially by Defendant Teleradiology Solutions; (2) Defendant Teleradiology

Solutions, not St. Christopher's, created the document via their Quality Assurance Portal; and (3) Dr. Poletto is the only St. Christopher employee with access to the Quality Assurance portal. Importantly, Dr. Poletto never shared the Report with the St. Christopher peer review committee (ECF 137 at 5) and the review process giving rise to this report was not a part of St. Christopher's peer review process. (ECF 127 at 11).

### IV.   Analysis

The Reginelli Court made clear that "[i]ndividuals conducting peer review are not defined as a 'review committee' under the PRPA, even if they qualify as another type of 'review organization,'" thereby concluding that an individual doctor "was not a 'review committee' engaging in peer review" and no claim could be made under the PRPA's evidentiary privilege. Id. at 491, 181 A.3d at 306.   The Supreme Court's recent decision in Leadbitter v. Keystone Anesthesia Consultants, Ltd. does not disturb this analysis.  256 A.3d 1164, 1177 (Pa. 2021). Leadbitter merely held that any hospital committee can be protected under the PRPA to the extent that the committee "performs a peer-review function", 256 A.3d 1164, 1177 (Pa. 2021), but this narrow holding does not expand PRPA protections to nonhospital committees that are not considered "professional health care providers" under the statute. Reginelli v. Boggs, 645 Pa. 470, 486, 181 A.3d 293, 303 (2018) ("No principled reading of the definition of 'professional health care provider' permits any entity to qualify if it is not approved, licensed or otherwise regulated to practice or operate in the health care field under the laws of Pennsylvania.").

It is clear that the PRPA does not apply to the Poletto Report. Defendant Teleradiology Solutions cannot assert privilege over the Report because it is not a "professional health care provider" as is statutorily defined and interpreted by Reginelli.  Defendant St. Christopher's likewise cannot assert privilege over the document because only Dr. Poletto had access to the

Report and both <u>Reginelli</u> and <u>Leadbitter</u> make clear that no one individual can assert peer review privilege.

### V.    Conclusion

Because the record is clear that the Poletto Report was not generated as part of St. Christopher's peer review process, the Motion to Enforce the Poletto Subpoena shall be granted.