IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LASHEENA SIPP-LIPSCOMB AND ANDRES GARDIN, SR. Individually and in their own right and as Parents and Natural Guardians of A.G., JR., a Minor | : : : : : | CIVIL NO. 2:20-cv-01926 |
| Plaintiffs | : : | (JUDGE BAYLSON) |
| vs. | : : | |
| EINSTEIN PHYSICIANS PENNYPACK PEDIATRICS, *et al* | : : : | (ELECTRONICALLY FILED) |
| Defendants | : : | |

**RESPONSE OF DEFENDANTS, EINSTEIN PHYSICIANS PENNYPACK PEDIATRICS AND ALBERT EINSTEIN HEALTHCARE NETWORK, TO PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE EINSTEIN FROM OFFERING OR ARGUING ALLEGED EVIDENCE OF HABIT OR ROUTINE PRACTICE UNDER F.R.E. 406 TO PROVE WHAT WAS OR WOULD HAVE BEEN STATED TO PLAINTIFF DURING THE CALL ON JULY 23, 2019**

Defendants, Einstein Physicians Pennypack Pediatrics and Albert Einstein Healthcare Network, hereby file the within Response to Plaintiffs' Motion in Limine, and request that this Honorable Court deny Plaintiffs' Motion in Limine.

In their motion, Plaintiffs argue that one of the three Einstein nurses, Francis Barlow, R.N., testified at deposition that she had no experience addressing patient scrotal complaints, so that means Einstein should automatically be precluded from offering or arguing alleged evidence of habit or routine practice to establish what was or would have been stated to Plaintiff during the call on July 23, 2019. This is simply incorrect, and for the reasons explained below, Plaintiffs' motion should be denied.

During the course of discovery, Plaintiffs deposed three triage nurses at Einstein who handle incoming calls from patients, including Nurse Barlow. All three of the nurses testified about how they had a manual and triage handbook that they were given to use in order to triage telephone calls, and how the triage handbook was always accessible to them. This triage handbook was the Barton D. Schmitt, M.D. Pediatric Telephone Protocols Manual, which was published by the American Academy of Pediatrics. This triage handbook included a separate triage assessment section for the nurses to triage complaints of scrotum swelling or pain. Plaintiffs' counsel is in possession of this handbook and questioned the witnesses about it.

Specifically, Allyson McDonnell, R.N. was deposed by Plaintiffs. She was a nurse who worked at Einstein as a triage nurse for telephone encounters with patients. She confirmed at her deposition that she was given a triage handbook to use, the Barton Schmitt handbook, and read it. It was part of the training she received when she started working for Einstein. It was what Einstein requested that the nurses use, and Schmitt was the guideline to follow. If a patient called due to complaints of scrotal pain, they would refer them to the emergency room. She further testified that a swollen scrotum was serious and that was not something they even needed a manual for. The manual directed that the patient should go to the emergency room for pain in the scrotum or testicle, or a swollen scrotum. This was also knowledge that Nurse McDonnell already knew as well, independent of the guideline. *See* pages 14-16, 22, 34-39 of the deposition testimony of Nurse McDonnell, a copy of which is appended hereto as Exhibit "A." At her deposition, Plaintiffs' counsel chose not to ask Nurse McDonnell about her experience with patients complaining of scrotal pain.

Plaintiffs also deposed Patricia Madison, R.N., who was another Einstein triage nurse who handled telephone calls from patients. She also confirmed that the Schmitt handbook was

3

used by the Einstein staff and was available to them. She testified that she was to consult the Schmitt handbook. In the triage assessments section for complaints of scrotum swelling or pain, Nurse Madison also testified that the Schmitt handbook instructs that the patient is to go to the emergency room. *See* Pages 12-13, 23-24 of the deposition testimony of Patricia Madison, R.N., a copy of which is appended hereto as Exhibit "B." At her deposition, Plaintiffs' counsel chose not to ask Nurse Madison about her experience with patients complaining of scrotal pain.

Frances Barlow, R.N. was also deposed by Plaintiffs, and was another Einstein triage nurse who handled telephone calls. She confirmed that she received the Schmitt handbook and how it was always accessible to her. She also testified that whenever there was any complaint of testicular pain or swelling, that the child is sent to the emergency department because of the possibility of testicular torsion. She testified that she did not have a patient with complaints of a swollen scrotum or scrotal pain before she started working at Einstein, and she did not recall ever having a telephone encounter where a patient complained of symptoms of scrotal pain or scrotal swelling. *See* pages 13, 15-19 of the deposition testimony of Nurse Barlow, a copy of which is appended hereto as Exhibit "C."

Federal Rule of Evidence 406 permits evidence of a person's habit to prove that on a particular occasion the person acted in accordance with said habit. FRE 406. Whether evidence of such ... habit is admissible to show what occurred in a specific instance depends on the invariable regularly of the ...habit. To be admissible, the usage must have sufficient regularity to make it probable that it would be carried out in every instance or in most instances. *Sutch v. Roxborough Memorial Hospital*, 2016 PA Super 251, 151 A.3d 241 (Pa.Super.Ct. 2016).

In *Baldridge*, a hotel clerk testified that it was the hotel's uniform practice to require payment in advance if the guests registered without luggage. The trial court ruled that the

4

testimony was admissible to demonstrate that the defendant and plaintiff's wife had baggage when they registered at the hotel. The Supreme Court of Pennsylvania affirmed on the basis that evidence of uniform practice is admissible without specific examples as long as the testimony indicates that the practice was performed with invariable regularity. *Baldridge v. Matthews*, 378 Pa. 566, 106 A.2d 809 (Pa.1956).

In *Wetherill v. University of Chicago*, 570 F. Supp. 1124, 1983 U.S. Dist. LEXIS 14393, evidence that other physicians routinely followed a practice was admissible under F.R.E. 406 to prove that two treating physicians acted in conformity with a "routine practice." Rule 406 does not limit proof of specific instances to testimony by witnesses with personal knowledge. It also permits resort to circumstantial evidence, documents, or even opinion testimony. *Wetherill*, citing 23 Wright and Graham, *Federal Practice and Procedure §5276*. Courts have frequently been willing to find a "routine practice" on the basis of testimony from one or two witnesses. *Wetherill*, citing *United States v. Oddo*, 314 F.2d 115 (2d Cir. 1963); *Bean v. United States*, 533 F. Supp. 567 (D. Colo. 1980).

Courts also permit lay witnesses to express opinions about a business "based on the witness's own perceptions and "knowledge and participation in the day-to-day affairs of the business.'" *Fecho v. Eli Lilly & Co.*, 914 F. Supp. 2d 130, 2012 U.S. Dist. LEXIS 180975, citing *United States v. Polishan*, 336 F. 3d 234 (3rd Cir. 2003). In *Fecho*, a physician was permitted to testify about standard medical practice in the area and his opinion could be admissible to show the practice of a small group of doctors in the community allowing the jury to infer the practice of one physician. *Fecho*, 914 F. Supp. 2d 130, 2012 U.S. Dist. LEXIS 180975. Standard practice evidence is relevant and properly considered under F.R.E. 406. *Sanchez v. United States*, 133 Fed. Appx. 747, 2005 U.S. App. LEXIS 10314.

Here, the testimony shows that the Schmitt triage handbook was the triage guideline that the Einstein nurses followed. The nurses would refer to the specific guidelines, and react and respond the same way when presented with complaints of scrotum swelling or pain. It is a consistent method or manner of responding to a particular stimulus. There is a specific, written guideline to follow when presented with the complaint of scrotum swelling or pain. In addition, it is also knowledge that was already known, independent of the Schmitt handbook, as confirmed by the deposition testimony of Nurse McDonnell who testified that she already knew independent of the Schmitt guideline that the patient should go to the emergency room for pain in the scrotum or testicle or a swollen scrotum. Einstein Physicians Pennypack Pediatrics and Albert Einstein Healthcare Network should be permitted at trial to introduce evidence about how the triage staff is trained, the applicable Schmitt triage guideline, and how all of the nurses testified it would not have been their custom and practice to only provide phone advice in response to a complaint of testicular swelling and pain, but rather to advise an immediate examination in a pediatric emergency room. The jury should be presented with all of the relevant information about how the Einstein staff customarily responds to these complaints.

POST & POST LLC
BY: _____
JOSEPH G. ZACK, ESQUIRE
CHRISTY L. WILLIAMSON, ESQUIRE
Attorneys for Defendants,
Einstein Physicians Pennypack
Pediatrics and Albert Einstein
Healthcare Network
PA I.D. # 53053/91748
200 Berwyn Park, Ste. 102
920 Cassatt Road
Berwyn, PA  19312
Phone 610-240-9180
Fax 610-240-9185
jzack@postandpost.com

Date:  June 22, 2022