IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASHEENA SIPP-LIPSCOMB et al.<br><br>*Plaintiffs,*<br><br>vs.<br><br>EINSTEIN PHYSICIANS PENNYPACK PEDIATRICS, et al.<br><br>*Defendants.* | No.  2:20-cv-01926 |

**MOTION IN LIMINE OF THE ST. CHRISTOPHER'S DEFENDANTS TO PRECLUDE ANY REFERENCE TO EMTALA**

Defendants St. Christopher's Hospital, American Academic Health System, LLC (incorrectly named as American Academic Health System, LLC f/k/a and/or f/d/b/a St. Christopher's Hospital for Children), Philadelphia Academic Health Holdings, LLC (incorrectly named as Philadelphia Academic Health Holdings, LLC f/k/a and/or f/d/n/a St. Christopher's Hospital for Children), Philadelphia Academic Health System, LLC (incorrectly named as Philadelphia Academic Health System, LLC f/k/a and/or f/d/n/a St. Christopher's Hospital for Children), Hayley Bartkus, Erin E. Hassel, M.D., and Pramanth Nath, M.D., (collectively hereinafter "Defendants" unless otherwise individually designated), hereby files this Motion in Limine and avers as follows:

1. This medical malpractice case alleges a failure to diagnose minor-plaintiff's (A.G.) left testicular torsion which resulted in the loss of that testicle. (ECF No. 83).  In addition to claiming that co-defendant radiologist Dr. Kalyanpur botched the ultrasound interpretation, Plaintiffs' counsel made additional malpractice claims against other defendants.

1

2

2. Plaintiffs have also asserted an unsupported claim under the Emergency Medical Treatment & Labor Act (EMTALA) against Defendants. (ECF No. 83 at Count I).

3. There is no evidence of any EMTALA violation and none of Plaintiffs' experts even mention the issue because the minor was actually treated at St. Christopher's. *See* Ex. A., the expert reports of Drs. Casale, Markowitz, Rauch, and Patrizio.

4. To be clear, this is a case of alleged medical malpractice arising out of a July 24, 2019, admission of A.G. to the emergency room of St. Christopher's Hospital for Children.

5. Accordingly, as argued in the memorandum of law, any reference to EMTALA would be irrelevant and only serve to confuse, mislead or prejudice the jury. As such, the EMTALA claim cannot be argued by Plaintiffs or Co-defendants.

**WHEREFORE**, Moving Defendants respectfully request that this Honorable Court grant their Motion in Limine and enter the attached proposed order.

Respectfully submitted,

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

By: /s/ *Edvard L. Wilson*
      Gary M. Samms
      Edvard L. Wilson
      *Attorneys for Moving Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASHEENA SIPP-LIPSCOMB et al._<br><br>*Plaintiffs,*<br><br>vs.<br><br>EINSTEIN PHYSICIANS PENNYPACK PEDIATRICS, et al.<br><br>*Defendants.* | No. 2:20-cv-01926 |

**MEMORANDUM OF LAW IN SUPPORT OF MOVING DEFENDANTS' MOTION IN LIMINE OF THE ST. CHRISTOPHER'S DEFENDANTS TO PRECLUDE <u>ANY REFERENCE TO EMTALA</u>**

**I.   MATTER BEFORE THE COURT:**

Defendants' Motion in Limine to preclude any reference to EMTALA.

**II.   QUESTION BEFORE THE COURT:**

1.   Should the Court preclude any reference to EMTALA as irrelevant, confusing, misleading, and prejudicial?

Suggested Answer:  Yes.

**III.   LEGAL ARGUMENT**

On a motion in limine, the Court may exclude the introduction of inadmissible or excludable evidence, whether it is in the form of precluding testimony on certain topics or excluding an entire witness. Fed. R. Evid. 103.  Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence

3

in determining the action. *See* Fed. R. Civ. P. 401; *Herrera v. Aguilar*, 2013 U.S. Dist. LEXIS 136071, *2 (W.D. Tx. 2013) ("To be relevant, the evidence must advance the inquiry."). Pursuant to Federal Rule of Evidence 402, "[e]vidence that is not relevant is not admissible." Fed. R. Civ. P. 402. Additionally, federal courts may exclude otherwise relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues or misleading the jury. See Fed. R. Civ. P. 403. "Prejudice refers to an undue tendency to suggest a decision on an improper basis and does not refer to merely being detrimental to one party's case." *Hooker v. State Farm Fire & Cas. Co.*, 880 A.2d 70, 84 (Pa. Commw. 2005) (internal citations omitted).

### A. Any Reference to EMTALA Should be Precluded

"Congress enacted EMTALA in the mid-1980s based on concerns that, due to economic constraints, hospitals either were refusing to treat certain emergency room patients or transferring them to other institutions"—a practice known as "patient dumping." *Dicioccio v. Chung*, 232 F. Supp. 3d 681, 686 (E.D. Pa. 2017) (citing *Toretti v. Main Line Hospitals, Inc.*, 580 F.3d 168, 172–73) (internal quotations omitted)). Under EMTALA, hospitals are required "to provide medical screening and stabilizing treatment to individuals seeking emergency care in a nondiscriminatory manner." *Dicioccio*, 232 F. Supp. 3d at 686 (citing *Toretti v*, 580 F.3d at 173) (internal quotations omitted)).

However, the Eastern District has specifically held that the EMTALA's stabilization obligations do not extend beyond the emergency room and the good-faith admission of a patient precludes an EMTALA claim. *See, e.g., Hollinger v. Reading Health Sys.*, No. 15-5249, 2016 U.S. Dist. LEXIS 91393, at *9 (E.D. Pa. July 14, 2016) (holding that "in-patient admission [is] a defense to EMTALA liability permitted that admission was not a deliberate

4

effort to avoid EMTALA obligations"); *Mazurkiewicz v. Doylestown Hosp.*, 305 F. Supp. 2d 437, 447 (E.D. Pa. 2004) ("[T]he most persuasive synthesis of the law on admission as a defense to EMTALA liability is that admission is a defense so long as admission is not a subterfuge.").

In this case, there is no factual evidence in the record to support any contention that Moving Defendants refused to treat A.G. – or in other words, "dumped the patient" in violation of EMTALA. Instead, the crux of Plaintiffs' claims against Moving Defendants is medical malpractice. Specifically, this is a case of alleged radiology malpractice. As stated above, the good-faith admission of A.G. to St. Christopher's Hospital on the date of the alleged negligence precludes any reference to EMTALA as irrelevant and extremely misleading and prejudicial.

### IV.   CONCLUSION

For all the foregoing reasons, Moving Defendants respectfully request that this Honorable Court grant their Motion in Limine and provide relief as set forth in the attached proposed order..

Respectfully submitted,

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

*Edvard L. Wilson,*
Gary M. Samms, Esquire (#58096)
Edvard L. Wilson, Esquire (#86760)
1500 Market Street
Centre Square West, Suite 3400
Philadelphia, PA 19102-2101
(215)-665-3000
*Counsel for Moving Defendants*

5

## CERTIFICATE OF SERVICE

    I, EDVARD WILSON, ESQUIRE, attorney for Moving Defendants, St. Christopher's Healthcare, LLC, American Academic Health System, LLC (incorrectly named as American Academic Health System, LLC f/k/a and/or f/d/b/a St. Christopher's Hospital for Children), Philadelphia Academic Health Holdings, LLC (incorrectly named as Philadelphia Academic Health Holdings, LLC f/k/a and/or f/d/n/a St. Christopher's Hospital for Children), Philadelphia Academic Health System, LLC (incorrectly named as Philadelphia Academic Health System, LLC f/k/a and/or f/d/n/a St. Christopher's Hospital for Children), Erin E. Hassel, M.D., and Pramanth Nath, M.D., hereby certifies that on December 1, 2022, a true and correct copy of the foregoing Motion in Limine to preclude any reference to EMTALA was served on all counsel of record via the Court's electronic filing system.

                                                       *Edvard L. Wilson*
                                                       Edvard L. Wilson