Steven L Blumer, MD, MBA, CPE, FAAP

101 East Camino Real

Apartment 807

Boca Raton, FL 33432

January 19, 2022

Edvard Wilson

Obermayer, Rebman, Maxwell & Hippel LLP

1500 Market Street, Suite 3400

Philadelphia, PA 19102

**RE: Sipp-Lipscomb, et al v. Einstein Physicians Pennypack Pediatrics, et al**

Dear Mr. Wilson,

I am writing to address the standard of care workflow utilized in the interpretation of diagnostic ultrasound studies. Specifically, I would like to clarify the role of the ultrasound technologist and radiologist in the interpretation of these studies.

As you have requested, I have reviewed the records, Second Amended Complaint, and ultrasound examinations performed at St. Christopher's Hospital for Children on 7/14/2019 at 3:49 AM and then again at 4:23 PM. I have also reviewed the Preliminary Report by Teleradiology Solutions and the Official (Final) Reports by Dr. Higgins. In addition, I have also reviewed the expert report by Dr. Richard Markowitz, a pediatric radiologist at the Children's Hospital of Philadelphia. The following opinion is based on this material as well my education, training, and practice as pediatric radiologist.

In pediatric radiology practice, ultrasound exams are routinely performed by ultrasound technologists. When they have completed the study, they will show the ultrasound images to the radiologist. The ultrasound technologist will typically make comments on the study. In fact, most radiology systems will have a "comments" section just for this purpose. The radiologist then interprets the study. However, the radiologist's interpretation is the official report of record and is used to make medical decisions. I strongly disagree with Plaintiff's experts' opinions that technologist Ms. Bartkus did anything wrong or exceeded the scope of her practice. I do not agree that Ms. Bartkus was practicing medicine without a license. She performed the ultrasound, created her comments, and communicated her observations with the ER with the understanding that a radiology report would follow; all standard of care. It is ultimately the attending radiologist Dr. Kalynpur who makes the decision on whether the study is of sufficient quality and renders an interpretation or determines whether it needs to be repeated. Dr. Kalynpur is a

Board Certified radiologist licensed to practice medicine in Pennsylvania. To state, as Plaintiff's expert Dr. Markowitcz does, that "the ER and Urology staff were misled by the comments of the Ultrasound tech" ignores standard of care, the role of the radiologist Dr. Kalynpur and the records in this case. Finally, the fact that the technologist comments produced by St. Christopher's Hospital for Children omitted the words "Spoke to ED about limited results, were comfortable and chose not to medicate patient" or that Ms. Barktus was "counseled" are not relevant to this case.

It is my opinion that St. Christopher's Hospital for Children and Ms. Bartkus complied with the standard of care. I hold these opinions to a reasonable degree of medical certainty. I hope you have found these comments helpful in your understanding of this case. Please do not hesitate to contact me with any future comments or concerns.


Yours truly,

Steven L. Blumer, MD, MBA, CPE, FAAP

Attending Pediatric Radiologist

UPMC Children's Hospital of Pittsburgh