# IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LASHEENA SIPP-LIPSCOMB AND ANDRES GARDIN, SR., Individually and in their own right and as Parents and Natural Guardians of ANDRES GARDIN, JR., a minor** | : CIVIL ACTION NO. 20-cv--01926<br>:<br>:<br>:<br>: |
| **V.** | :<br>: |
| **EINSTEIN PHYSICIANS PENNYPACK PEDIATRICS, et al** | :<br>: |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2022, upon

consideration of Defendants, Charles W. Concodora, M.D. and Urology for Children's, Motion

*in Limine* to preclude any speculative and irrelevant testimony and/or argument relating to the

reason why Dr. Concodora recorded his note four days after the alleged negligence and that

recording his note four days later was a violation of the standard of care, and any response

thereto, it is hereby **ORDRED** and **DEREED** that said Motion is  **GRANTED**.

It is further **ORDERED** and **DECREED** that Plaintiffs are precluded from offering,

referring to or otherwise introducing any speculative testimony and/or argument regarding the

reason why Dr. Concodora recorded his note four days after the alleged negligence at the time of

trial.

It is further **ORDERED** and **DECREED** that Plaintiffs are precluded from offering,

referring to or otherwise introducing any testimony and/or argument that it was a violation of the

2251525.1

standard of care that Dr. Concodora recorded his note four days after the alleged negligence at the time of trial.

BY THE COURT:

_____

MICHAEL M. BAYLSON, J.

2251525.1

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASHEENA SIPP-LIPSCOMB AND ANDRES GARDIN, SR., Individually and in their own right and as Parents and Natural Guardians of ANDRES GARDIN, JR., a minor | : CIVIL ACTION NO. 20-cv--01926 <br> : <br> : <br> : <br> : |
| V. | : <br> : |
| EINSTEIN PHYSICIANS PENNYPACK PEDIATRICS, et al | : <br> : |

**MOTION *IN LIMINE* OF DEFENDANTS, CHARLES W. CONCODORA, M.D. AND UROLOGY FOR CHILDREN, TO PRECLUDE ANY SPECULATIVE AND IRRELEVANT TESTIMONY AND/OR ARGUMENT RELATING TO THE REASON WHY DR. CONCODORA RECORDED HIS NOTE FOUR DAYS AFTER THE ALLEGED NEGLIGENCE AND THAT RECORDING HIS NOT FOUR DAYS LATER <u>WAS A VIOLATION OF THE STANDARD OF CARE</u>**

Defendants, Charles W. Concodora, M.D. and Urology for Children, by and through their

attorneys, German Gallagher and Murtagh, P.C., hereby move to preclude Plaintiffs from

introducing any speculative testimony and/or argument relating to the reason why Dr. Concodora

recorded his note four days after the date of the alleged negligence and that recording his note

four days later was a violation of the standard of care at the time of trial.

## I.     FACTS

This matter arises out of Plaintiffs' allegations that the Defendants were negligent which

caused a delay in the diagnosis and treatment of the Minor Plaintiff's testicular torsion.

Plaintiffs' sole claim against Moving Defendant, Dr. Concodora, is for negligence. Plaintiffs'

sole theory of liability against Moving Defendant, Urology for Children, is for vicarious liability

for the alleged negligence of Dr. Concodora.

During Dr. Concodora's deposition on July 29, 2021, Plaintiff questioned Dr. Concodora as to why he wrote his attending note four days later. Specifically, he was questioned and testified as follows:

```
14   Q.   And when did you cosign Dr. Cho's note?
15   A.   I believe that was on July 28.
16   Q.   And so at no time prior to July 28 did you
17   review the medical records?
18   A.   Correct.
19   Q.   And the medical records were also including
20   the ultrasound images?
21   A.   Correct.
22   Q.   Is there any reason why you didn't review them
23   prior to the 28th?
24   A.   So the -- at the time of the emergency

 1   department consult, I had been given information
 2   directly from Dr. Cho during a telephone
 3   conversation and based on our conversation, the
 4   standard of care was met and there was sufficient
 5   information at that time.
 6   Q.   Is the information that you were given by
 7   Dr. Cho accurately and completely recorded in your
 8   note, in your attending note that you signed?
 9   A.   Are you talking about my addendum?

10   Q.   I'm talking about the attending note that you
11   cosigned.
12   A.   I don't -- Mr. Jokelson, I do not cosign an
13   attending note.  I cosign a resident's note.  I
14   would put down the attending addendum.  That would
15   be my portion of the note.
```

*See* Exhibit A at pgs. 42:14-24 - 43:1-15

2   Q.   But you wrote your note four days later?

3   A.   Correct, and my note was written based off of

4   my phone conversation with Dr. Cho and nothing

5   else.

6   Q.   Did you take notes of that phone conversation?

7   A.   No.

8   Q.   And you remembered everything that happened in

9   that phone conversation, enough to write a note

10  about it four days later?

11  A.   Enough to write that note, yes.  What I wrote

12  in that note is factual and based on the

13  conversation.


14  Q.   How many patients have you seen in the

15  interim?

16  A.   I don't know.

17  Q.   Twenty or less?

18  A.   I don't know.

19  Q.   Did you see any?

20  A.   Yes.

21  Q.   Were you -- did you see patients after 8:00

22  a.m. on the 24th of July, on that day?

23  A.   Yes.

24  Q.   Did you perform surgery that day?


1   A.   I'd have to check my schedule.  I don't know.

2   Q.   Did you see patients on the 25th?

3   A.   I'd have to check my schedule.

4   Q.   Did you see them on the 26th?

5   A.   Same answer.  I'd have to check my schedule.

6   Q.   And the same answer would be for the 27th or

7   the 28th?

8   A.   That would be correct.

```
 9   Q.   But you're certain you made no notes of your
10   conversation with Dr. Concodora?
11   A.   You mean Dr. Cho?
12   Q.   I meant Dr. Cho.  Thank you for correcting my
13   mistake.
14   A.   Correct.
15   Q.   And you just wrote your note from your memory
16   entirely?
17   A.   Correct.
18   Q.   And I think you said before, unless I'm
19   misunderstanding, that you don't recall having any
20   conversations with Dr. Balsara?
21   A.   Correct.
22   Q.   And you never spoke to the patient in this
23   case or his parents?
24   A.   Correct.
```

*See* Exhibit A at pgs. 81:2-24 - 82:1-24

Additionally, at the Mediation in this matter, Plaintiff's counsel argued that it was a violation of the reporting requirements and he implied that this violated the standard of care because Dr. Concodora recorded his note four days after the alleged negligence.

Thus, Moving Defendants anticipate that Plaintiffs will attempt to introduce speculative testimony and/or argument relating to the reason why Dr. Concodora recorded his note four days after the date of the alleged negligence and/or that recording his note four days later was a violation of the standard of care. However, the timing of when Dr. Concodora recorded his note is irrelevant and therefore, Moving Defendants file the instant Motion *in Limine*.

II.    **LEGAL ARGUMENT**

    A.    **Speculative testimony and/or argument relating to the reason why Dr. Concodora recorded his note four days after the alleged negligence and/or implying that that recording his note four days later was a violation of the standard of care is irrelevant, not rationally based, and is not helpful to determining a fact in issue.**

       Under Fed. R. Evid. 401, evidence is relevant if it: (1) has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action.  Evidence that is irrelevant is not admissible.  Fed. R. Evid. 402.

       If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

      (a)  rationally based on the witness's perception;

      (b)  helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

      (c)  not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Under Rule 702, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

      (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

      (b)  the testimony is based on sufficient facts or data;

      (c)  the testimony is the product of reliable principles and methods; and

      (d)  the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

       The reliability prong requires expert testimony to be "based on the methods and procedures of science, not on subjective belief and unsupported speculation." *Karlo v. Pittsburgh Glass Works, LLC*, 849 F.3d 61, 81 (3d Cir. 2017) (quoting *In re TMI Litig.*, 193 F.3d

613, 703-07 (3d Cir. 1999), amended, 199 F.3d 158 (3d Cir. 2000).

Here, speculative testimony and/or argument as to why Dr. Concodora recorded his note in the Plaintiff's medical records four days later is entirely irrelevant to the issue of whether the defendants exercised the requisite standard of care at the time of the minor Plaintiff's care. Such testimony and/or argument is unreliable, not rationally based, and is not helpful to clearly understand a witness's testimony or to determining a fact in issue.

Additionally, Plaintiff has not produced any expert testimony stating that it was a violation of the standard of care for Dr. Concodora to record his note four days after the alleged negligence. Further, even if Plaintiff had produced such expert testimony, it is not relevant to the issue of causation as it would not have changed the ultimate outcome of this case. Testimony and/or argument alleging or implying that recording his note four days later was a violation of the standard of care is irrelevant. The timing of when Dr. Concodora recorded his note is irrelevant as the treatment had already occurred. Thus, when the note was written did not have any effect on the outcome of this case. The minor Plaintiff's parents were called within hours of Dr. Concodora (when another radiologist did a second read of the ultrasound) and treatment was begun. Thus, Dr. Concodora's note would have been the same note if it was entered immediately after his phone call consult or four days later.

Therefore, any speculative testimony and/or argument as to why Dr. Concodora wrote his note four days after the alleged negligence and/or any testimony and/or argument that recording his note four days later was a violation of the standard of care is irrelevant and has no probative value and no bearing whatsoever on the issue the jury is to decide: whether the defendants conduct with respect to the minor Plaintiff's care fell below the standard of care. Introduction of such testimony and/or argument would serve no legitimate purpose. Plaintiff's only intention to

introduce such testimony and/or argument would be to divert the jury's attention away from the

real issues in the case. Thus, admitting such would only serve to confuse the jury and divert their

attention away from the specific issues in this case. As such, the Court should not permit such

irrelevant evidence at trial.  *See* Fed. R. Evid. 402

      **B.**      **Any probative value of speculative and irrelevant testimony and/or argument relating to the reason why Dr. Concodora recorded his note four days after the alleged negligence and that recording his note four days later was a violation of the standard of care is outweighed by a danger of undue prejudice.**

Even if Plaintiff's anticipated speculative testimony and/or argument relating to the

reason why Dr. Concodora recorded his note four days after the alleged negligence and/or that

recording his note four days later was a violation of the standard of care was relevant (which it is

not), it should nonetheless be excluded under Fed. R. Evid. 403, which provides that:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Allowing the jury to hear speculative testimony and/or argument relating to the reason why Dr.

Concodora recorded his note four days after the alleged negligence and/or that recording his note

four days later was a violation of the standard of care would unfairly prejudice the Defendants,

as this information could cause the jury to view Moving Defendants in an unfavorable light. Any

purported value of such speculative and irrelevant testimony and/or argument will inevitably

prejudice, confuse and mislead the jury against Moving Defendants. Moreover, it will cause

undue delay and waste the jury's time, as such information is not dispositive of the issue before

the jury. As such, the Court should not permit such evidence at trial.

2251525.1

**III.      CONCLUSION**

For the reasons set forth above, Defendants, Charles W. Concodora, M.D. and Urology for Children, respectfully request that the Court grant their Motion *in Limine* and preclude any speculative and irrelevant testimony and/or argument relating to the reason why Dr. Concodora recorded his note four days after the alleged negligence and that recording his note four days later was a violation of the standard of care at the time of trial.

GERMAN, GALLAGHER & MURTAGH

BY:   /s/ John P. Shusted
       John P. Shusted
       I.D. #44675 shustedj@ggmfirm.com
       Nikki A. Mosco
       I.D. #320709 moscon@ggmfirm.com
       The Bellevue, Suite 500
       200 S. Broad Street
       Philadelphia, PA  19102
       Shusted Direct: 215-875-4037
       Main:  215-545-7700
       F:  215-732-4182

       Attorneys for Defendants,
       Charles W. Concodora, M.D. and
       Urology for Children

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASHEENA SIPP-LIPSCOMB AND | : CIVIL ACTION NO. 20-cv--01926 |
| ANDRES GARDIN, SR., Individually and in | : |
| their own right and as Parents and Natural | : |
| Guardians of ANDRES GARDIN, JR., a minor | : |
| | : |
| V. | : |
| | : |
| EINSTEIN PHYSICIANS PENNYPACK | : |
| PEDIATRICS, et al | : |

**MEMORANDUM RE: MOTION IN LIMINE OF DEFENDANTS, CHARLES W. CONCODORA, M.D. AND UROLOGY FOR CHILDREN, TO PRECLUDE ANY SPECULATIVE AND IRRELEVANT TESTIMONY AND/OR ARGUMENT RELATING TO THE REASON WHY DR. CONCODORA RECORDED HIS NOTE FOUR DAYS AFTER THE ALLEGED NEGLIGENCE AND THAT RECORDING HIS NOT FOUR DAYS LATER WAS A VIOLATION OF THE STANDARD OF CARE**

This matter arises out of Plaintiffs' allegations that the Defendants were negligent which caused a delay in the diagnosis and treatment of the Minor Plaintiff's testicular torsion. Plaintiffs' sole claim against Moving Defendant, Dr. Concodora, is for negligence. Plaintiffs' sole theory of liability against Moving Defendant, Urology for Children, is for vicarious liability for the alleged negligence of Dr. Concodora.

During Dr. Concodora's deposition on July 29, 2021, Plaintiff questioned Dr. Concodora as to why he wrote his attending note four days later. Specifically, he was questioned and testified as follows:

14   Q.   And when did you cosign Dr. Cho's note?

15   A.   I believe that was on July 28.

16   Q.   And so at no time prior to July 28 did you

17   review the medical records?

18   A.   Correct.

19   Q.   And the medical records were also including

20   the ultrasound images?

21   A.   Correct.

22   Q.   Is there any reason why you didn't review them

23   prior to the 28th?

24   A.   So the -- at the time of the emergency


1   department consult, I had been given information

2   directly from Dr. Cho during a telephone

3   conversation and based on our conversation, the

4   standard of care was met and there was sufficient

5   information at that time.

6   Q.   Is the information that you were given by

7   Dr. Cho accurately and completely recorded in your

8   note, in your attending note that you signed?

9   A.   Are you talking about my addendum?


10   Q.   I'm talking about the attending note that you

11   cosigned.

12   A.   I don't -- Mr. Jokelson, I do not cosign an

13   attending note.  I cosign a resident's note.  I

14   would put down the attending addendum.  That would

15   be my portion of the note.


*See* Exhibit A at pgs. 42:-14-24 - 43:1-15

2  Q.   But you wrote your note four days later?

3  A.   Correct, and my note was written based off of

4  my phone conversation with Dr. Cho and nothing

5  else.

6  Q.   Did you take notes of that phone conversation?

7  A.   No.

8  Q.   And you remembered everything that happened in

9  that phone conversation, enough to write a note

10  about it four days later?

11  A.   Enough to write that note, yes.  What I wrote

12  in that note is factual and based on the

13  conversation.


14  Q.   How many patients have you seen in the

15  interim?

16  A.   I don't know.

17  Q.   Twenty or less?

18  A.   I don't know.

19  Q.   Did you see any?

20  A.   Yes.

21  Q.   Were you -- did you see patients after 8:00

22  a.m. on the 24th of July, on that day?

23  A.   Yes.

24  Q.   Did you perform surgery that day?


1  A.   I'd have to check my schedule.  I don't know.

2  Q.   Did you see patients on the 25th?

3  A.   I'd have to check my schedule.

4  Q.   Did you see them on the 26th?

5  A.   Same answer.  I'd have to check my schedule.

6  Q.   And the same answer would be for the 27th or

7  the 28th?

8  A.   That would be correct.

```
 9   Q.   But you're certain you made no notes of your
10   conversation with Dr. Concodora?
11   A.   You mean Dr. Cho?
12   Q.   I meant Dr. Cho.  Thank you for correcting my
13   mistake.
14   A.   Correct.
15   Q.   And you just wrote your note from your memory
16   entirely?
17   A.   Correct.
18   Q.   And I think you said before, unless I'm
19   misunderstanding, that you don't recall having any
20   conversations with Dr. Balsara?
21   A.   Correct.
22   Q.   And you never spoke to the patient in this
23   case or his parents?
24   A.   Correct.
```

*See* Exhibit A at pgs. 81:2-24 - 82:1-24

Additionally, at the Mediation in this matter, Plaintiff's counsel argued that it was a violation of the reporting requirements and he implied that this violated the standard of care because Dr. Concodora recorded his note four days after the alleged negligence.

Thus, Moving Defendants anticipate that Plaintiffs will attempt to introduce speculative testimony and/or argument relating to the reason why Dr. Concodora recorded his note four days after the date of the alleged negligence and/or that recording his note four days later was a violation of the standard of care. However, the timing of when Dr. Concodora recorded his note is irrelevant and therefore, Moving Defendants file the instant Motion *in Limine*.

## ANALYSIS

**A. Speculative testimony and/or argument relating to the reason why Dr. Concodora recorded his note four days after the alleged negligence and/or implying that that recording his note four days later was a violation of the standard of care is irrelevant, not rationally based, and is not helpful to determining a fact in issue.**

Under Fed. R. Evid. 401, evidence is relevant if it: (1) has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action. Evidence that is irrelevant is not admissible. Fed. R. Evid. 402.

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

> (d) rationally based on the witness's perception;

> (e) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

> (f) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Under Rule 702, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (e) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

> (f) the testimony is based on sufficient facts or data;

> (g) the testimony is the product of reliable principles and methods; and

> (h) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The reliability prong requires expert testimony to be "based on the methods and procedures of science, not on subjective belief and unsupported speculation." *Karlo v. Pittsburgh Glass Works, LLC*, 849 F.3d 61, 81 (3d Cir. 2017) (quoting *In re TMI Litig.*, 193 F.3d

613, 703-07 (3d Cir. 1999), amended, 199 F.3d 158 (3d Cir. 2000).

Here, speculative testimony and/or argument as to why Dr. Concodora recorded his note in the Plaintiff's medical records four days later is entirely irrelevant to the issue of whether the defendants exercised the requisite standard of care at the time of the minor Plaintiff's care. Such testimony and/or argument is unreliable, not rationally based, and is not helpful to clearly understand a witness's testimony or to determining a fact in issue.

Additionally, Plaintiff has not produced any expert testimony stating that it was a violation of the standard of care for Dr. Concodora to record his note four days after the alleged negligence. Further, even if Plaintiff had produced such expert testimony, it is not relevant to the issue of causation as it would not have changed the ultimate outcome of this case. Testimony and/or argument alleging or implying that recording his note four days later was a violation of the standard of care is irrelevant. The timing of when Dr. Concodora recorded his note is irrelevant as the treatment had already occurred. Thus, when the note was written did not have any effect on the outcome of this case. The minor Plaintiff's parents were called within hours of Dr. Concodora (when another radiologist did a second read of the ultrasound) and treatment was begun. Thus, Dr. Concodora's note would have been the same note if it was entered immediately after his phone call consult or four days later.

Therefore, any speculative testimony and/or argument as to why Dr. Concodora wrote his note four days after the alleged negligence and/or any testimony and/or argument that recording his note four days later was a violation of the standard of care is irrelevant and has no probative value and no bearing whatsoever on the issue the jury is to decide: whether the defendants conduct with respect to the minor Plaintiff's care fell below the standard of care. Introduction of such testimony and/or argument would serve no legitimate purpose. Plaintiff's only intention to

2251525.1

introduce such testimony and/or argument would be to divert the jury's attention away from the

real issues in the case. Thus, admitting such would only serve to confuse the jury and divert their

attention away from the specific issues in this case. As such, the Court should not permit such

irrelevant evidence at trial.  *See* Fed. R. Evid. 402

> **B.     Any probative value of speculative and irrelevant testimony and/or argument relating to the reason why Dr. Concodora recorded his note four days after the alleged negligence and that recording his note four days later was a violation of the standard of care is outweighed by a danger of undue prejudice.**

Even if Plaintiff's anticipated speculative testimony and/or argument relating to the

reason why Dr. Concodora recorded his note four days after the alleged negligence and/or that

recording his note four days later was a violation of the standard of care was relevant (which it is

not), it should nonetheless be excluded under Fed. R. Evid. 403, which provides that:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Allowing the jury to hear speculative testimony and/or argument relating to the reason why Dr.

Concodora recorded his note four days after the alleged negligence and/or that recording his note

four days later was a violation of the standard of care would unfairly prejudice the Defendants,

as this information could cause the jury to view Moving Defendants in an unfavorable light. Any

purported value of such speculative and irrelevant testimony and/or argument will inevitably

prejudice, confuse and mislead the jury against Moving Defendants. Moreover, it will cause

undue delay and waste the jury's time, as such information is not dispositive of the issue before

the jury. As such, the Court should not permit such evidence at trial.

2251525.1

## **CONCLUSION**

For the reasons set forth above, Defendants, Charles W. Concodora, M.D. and Urology for Children, respectfully request that the Court grant their Motion *in Limine* and preclude any speculative and irrelevant testimony and/or argument relating to the reason why Dr. Concodora recorded his note four days after the alleged negligence and that recording his note four days later was a violation of the standard of care at the time of trial.

GERMAN, GALLAGHER & MURTAGH

BY:___/s/ John P. Shusted_____
     John P. Shusted
     I.D. #44675 shustedj@ggmfirm.com
     Nikki A. Mosco
     I.D. #320709 moscon@ggmfirm.com
     The Bellevue, Suite 500
     200 S. Broad Street
     Philadelphia, PA  19102
     Shusted Direct: 215-875-4037
     Main:  215-545-7700
     F:  215-732-4182

     Attorneys for Defendants,
     Charles W. Concodora, M.D. and
     Urology for Children

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASHEENA SIPP-LIPSCOMB AND | : CIVIL ACTION NO. 20-cv--01926 |
| ANDRES GARDIN, SR., Individually and in | : |
| their own right and as Parents and Natural | : |
| Guardians of ANDRES GARDIN, JR., a minor | : |
| | : |
| V. | : |
| | : |
| EINSTEIN PHYSICIANS PENNYPACK | : |
| PEDIATRICS, et al | : |

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing Motion *in Limine* of Defendants, Charles W. Concodora, M.D. and Urology for Children, to preclude Plaintiffs from introducing any speculative testimony and/or argument relating to the reason why Dr. Concodora recorded his note four days after the date of the alleged negligence and that recording his note four days later was a violation of the standard of care at the time of trial was filed with the Court on <u>December 8, 2022</u> and was served upon all counsel of record via the Court's ECF System.

GERMAN, GALLAGHER & MURTAGH

BY:   /s/ John P. Shusted
        John P. Shusted
        I.D. #44675 shustedj@ggmfirm.com
        Nikki A. Mosco
        I.D. #320709 moscon@ggmfirm.com
        The Bellevue, Suite 500
        200 S. Broad Street
        Philadelphia, PA  19102
        Shusted Direct: 215-875-4037
        Main:  215-545-7700
        F:  215-732-4182

        Attorneys for Defendants,
        Charles W. Concodora, M.D. and
        Urology for Children

2251525.1