IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION

| | | |
|---|---|---|
| LASHEENA SIPP-LIPSCOMB and | : | |
| ANDRES GARDIN, SR., Individually and in their | : | |
| own right and as Parents and Natural Guardians of | : | |
| A G, JR., a Minor | : | |
| | : | |
| V. | : | NO.  2:20-cv-01926 |
| | : | |
| EINSTEIN PHYSICIANS PENNYPACK | : | |
| PEDIATRICS and | : | |
| ALBERT EINSTEIN HEALTHCARE NETWORK | : | |
| and AGENT DOE and | : | **JURY TRIAL DEMANDED** |
| ST. CHRISTOPHER'S HEALTHCARE, LLC | : | **BY ERIC Y. CHO, M.D.** |
| f/k/a and/or f/d/b/a St. Christopher's Hospital for | : | |
| Children and | : | |
| AMERICAN ACADEMIC HEALTH SYSTEM, | : | |
| LLC f/k/a and/or f/d/b/a St. Christopher's Hospital | : | |
| for Children and | : | |
| PHILADELPHIA ACADEMIC HEALTH | : | |
| HOLDINGS, LLC f/k/a and/or f/d/b/a | : | |
| St. Christopher's Hospital for Children and | : | |
| PHILADELPHIA ACADEMIC HEALTH | : | |
| SYSTEM, LLC f/k/a and/or f/d/b/a | : | |
| St. Christopher's Hospital for Children and | : | |
| HAYLEY BARTKUS a/k/a HAYLEY BARKUS | : | |
| and ERIN E. HASSEL, M.D. and | : | |
| PRAMATH NATH, M.D. and | : | |
| UROLOGY FOR CHILDREN, LLC and | : | |
| CHARLES W. CONCODORA, M.D. and | : | |
| and ERIC Y. CHO, M.D. and | : | |
| ARJUN KALYANPUR, M.D. and | : | |
| TELERADIOLOGY SOLUTIONS, P.C. | : | |

## PROPOSED JURY INSTRUCTIONS OF DEFENDANT, ERIC Y. CHO, M.D.

Defendant, Eric Y. Cho, M.D., by and through his attorneys, Marshall Dennehey Warner

Coleman & Goggin, hereby request that this Honorable Court charge the jury at the trial in the

above matter with the following law and Pennsylvania Suggested Standard Civil Jury

Instructions in addition to what the Judge will charge.


MARSHALL DENNEHEY WARNER
COLEMAN AND GOGGIN


BY:   *Jacqueline M. Reynolds*
     E. CHANDLER HOSMER, III, ESQUIRE
     JACQUELINE M. REYNOLDS, ESQUIRE
     Attorney ID No.:  28499 / 79769
     Attorneys for Defendant, Eric Y. Cho, M.D.
     620 Freedom Business Center, Suite 300
     King of Prussia, Pa  19406
     Phone:  (610) 354-8250 / Fax:  (610) 354-8299
     Email:echosmer@mdwcg.com
     jmreynolds@mdwcg.com

Date:  January 17, 2023

## TABLE OF CONTENTS

| Case Name | Title/Explanation | Page No. |
|---|---|---|
| | Directed Verdict | 5 |
| *Hostetter v. Kinsely* | Equal Treatment by Jurors | 6 |
| *Papa v. Pittsburgh Penn-Center*<br>*Wasillo v. Szeles* | Fair and Impartial Consideration<br>Without Sympathy | 7 |
| *Carlton v. Sley* | Common Sense | 8 |
| *Anderson v. Pittsburgh* | Plaintiff's Interests | 9 |
| *Fruend v. Hyman* | No Speculation | 10 |
| *Kukla v. Nemirobsky* | General Jury Instructions | 11 |
| Pa. SSJI (Civ.) 4.00 | Direct and Circumstantial Evidence | 12 |
| *In Re: Estate of Ciaffoni* | Habit or Custom | 13 |
| Pa. SSJI (Civ.) 5.20 | Number of Witnesses and Exhibits | 14 |
| Pa. SSJI (Civ.) §4.20 | Believability of Witnesses | 15 |
| Pa. SSJI (Civ.) §4.30 | Conflicting Testimony | 17 |
| Pa. SSJI (Civ.) §4.40 | Intentionally False Testimony | 18 |
| PA SSJI (Civ.) §4.50 | Prior Inconsistent Statement<br>or Consistent Statement | 19 |
| Pa. SSJI (Civ.) §4.80 | Expert Witnesses | 20 |
| Pa. SSJI (Civ.) §4.120 | Expert Opinion | 21 |
| Pa. SSJI (Civ.) 4.90 (2011) | Hypothetical Question | 22 |
| Pa. SSJI (Civ.) §4.110 | Cautionary Charge | 23 |
| Pa. SSJI (Civ.) §13.150 | Concurring Causes | 24 |
| *Powell v. Drumheller* | Superseding Causes | 25 |
| Restatement (Second) of Torts §447 | Superseding Causes | 26 |

| | | |
|---|---|---|
| Pa. SSJI (Civ.) §6.00 | Agency | 27 |
| Pa. SSJI (Civ.) §6.10 | Agency | 28 |
| Pa. SSJI (Civ.) §6.20 | Agency | 30 |
| Pa. SSJI (Civ.) 14.80 | Agency | 31 |
| Pa. SSJI (Civ.) §14.30 | Burden of Proof | 33 |
| Pa. SSJI (Civ.) §14.00 | Medical Professional Negligence-Introduction | 34 |
| Pa.SSJI (Civ.) § 14.10 | Standard of Care – Physician | 35 |
| *Collins v. Hand_* | No Warranty or Guarantee | 36 |
| *Hamil v. Bashline* | No Presumption | 37 |
| Pa. SSJI (Civ) § 14.130 | Comparative Negligence in Medical Malpractice Cases | 38 |
| Pa. SSJI (Civ.) § 14.20 | Medical Malpractice Causation | 39 |
| Pa. SSJI (Civ.) §7.00 | Damages/Cautionary Instruction | 40 |
| *Wilf v. Philadelphia* | Damages/General | 41 |
| *Lorch v. Eglin* | Damages/Basis | 42 |
| Pa. SSJI (Civ.) §14.150 | Medical Malpractice—Damages | 43 |
| Pa. SSJI (Civ) §14.180 | Medical Malpractice-Punitive Damages | 47 |
| Pa. SSJI (Civ.) §7.140 | Verdict Sheet | 48 |
| Pa. SSJI (Civ.) §14.190 | Concluding Instructions | 49 |
| Pa. SSJI (Civ.) §12.00 | Supplementation of Points | 52 |

**<u>DIRECTED VERDICT</u>**

1.     Under all of the facts and law of this case, your verdict must be in favor of Defendant, Eric Y. Cho, M.D.

## EQUAL TREATMENT

2.      This case should be considered and decided by you as an action between persons of equal standing in the community and of equal worth and of the same and similar station in life. Defendants are entitled to the same fair and impartial trial at your hands as Plaintiff. All persons and corporations stand equal before the law and are to be considered equals in a court of justice. *Hostetter v. Kinsley*, 322 Pa. 248, 185 A. 300 (1936).

## **FAIR AND IMPARTIAL CONSIDERATION WITHOUT SYMPATHY**

3.      The parties in this case are entitled to the same fair and impartial consideration, and your verdict may not be influenced by sympathy or prejudice. In deciding the rights of the parties in this case, you are exercising one of the most important duties of citizenship and, of course, you will perform the duty courageously. A verdict which is based or influenced by sympathy is contrary to the law and contrary to the oath which you took when you became jurors in this case.  *Papa v. Pittsburgh Penn-Center Group*, 38. Pa. D&C.2d 756, 769 (Allegheny Cnty, 1965), *aff'd*, 421 Pa. 228, 218 A.2d 783 (1966); *Wasillo & Szeles*, 310 Pa. 337, 165 A 377 (1933).

## JURORS MAY USE COMMON SENSE

4.      You have the right to use your common sense which you have acquired in the ordinary affairs of everyday life, and to use it in considering the evidence in this case. *Carlton v. Sley System Garages*, 143 Pa. Super. 127, 17 A.2d 748 (1941).

## JURORS MAY CONSIDER PLAINTIFFS' INTEREST IN SUIT

5.      The mere fact that Plaintiffs filed a lawsuit is not enough to entitle the Plaintiffs to prevail against the Defendants. *Steiner v. Pittsburgh Railways*, 415 Pa. 549, 552, 204 A.2d 254 (1964).

In determining the credibility of the Plaintiffs, you may consider the fact that he is interested financially in this suit and stand to gain monetarily by a verdict in their favor. *Anderson v. Pittsburgh Railways Company*, 423 Pa. 550, 225 A.2d 548, 551 (1971).

## JURORS MAY NOT SPECULATE OR GUESS

6.     A jury is not permitted "to speculate or guess, conjecture" as these do not amount to proof." *Fruend v. Hyman*, 377 Pa. 35, 103 A.2d 658 (1954) (*citing DeReeder v. Travelers Insurance Co*., 329 Pa. 328, 198 A.45; *Sharble v. Kuehnle-Wilson, Inc*., 359 Pa. 494, 59 A.2d 58). *See also, Gallagher v. Dalsania*, 82 Pa. D&C 4th 118 (2006).

## GENERAL JURY INSTRUCTIONS

7.     You are to perform your duty without prejudice or bias toward any party or their counsel. You are not to be governed by sympathy or public opinion, but are to use common sense and intelligence to find the facts in this case.

"No matter how sympathetic you may feel for the Plaintiff[], no matter how serious the injuries, unless the Plaintiff[] has a legal claim against the Defendants, Plaintiff[] cannot recover, and you must determine every case according to the facts.  Because we eliminate sympathy, just as we eliminate prejudice and every other outside or collateral interest that does not concern the trial of this case; because cases are determined on the facts, and facts come from the witness stand and not from sympathy or prejudice or any other interest that does not resolve around the trial of the case itself." *Kukla v. Nemirobsky,* 314 Pa. 134, 170 A.261. (1933); *Hileman v. Pittsburgh and Lake Erie Railroad Co.*, 685 A.2d 994, 998 (Pa. 1996); *see also, Young v. Commonwealth of Pa. Dept. of Transportation*, 744 A.2d 1276, 1277 (Pa. 2000) (*citing Morena v. South Hills Health System*, 462 A.2d 680, 683 (Pa. 1983).

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

     8.     The evidence presented to you may be either direct or circumstantial evidence.

*Direct evidence* is testimony about what a witness personally saw, heard, or did. *Circumstantial evidence* is testimony about one or more facts that logically lead you to believe the truth of another fact.

     You should consider both direct and circumstantial evidence in reaching your verdict. You may decide the facts in this case based upon circumstantial evidence alone.

I will give you an example of the difference between direct and circumstantial evidence.

[*insert example*].

Pa. S.S.J.I. (Civ.) 4.00 (2015)

## **HABIT OR CUSTOM**

9.      Evidence of a person's habit or custom is admissible to show that the person acted in accordance with the habit or custom on a given occasion. *In Re Estate of Ciaffoni*, 498 Pa. 267, 446 A.2d 225 (1982).

## **NUMBER OF WITNESSES AND NUMBER OF EXHIBITS**

10.    You must "weigh the evidence" and "evaluate the believability of the witnesses in order to decide the facts in this case. The number of witnesses and the number of exhibits offered by a party does not, alone, decide the weight of the evidence.

The believable testimony of one witness presented by one party may outweigh the testimony of many witnesses presented by another party.

Only if the evidence presented by the parties seems equally believable in weight and believability, should you consider the number of witnesses presented by a party in reaching your verdict.

Pa. S.S.J.I. (Civ.) §5.20 (2015).

## BELIEVABILITY OF WITNESSES GENERALLY

11.     As judges of the facts, you decide the believability of the witnesses' testimony. This means that you decide the truthfulness and accuracy of the witnesses' testimony and whether to believe all, or part, or none of each witnesses testimony.

The following are some of the factors that you may and should consider when determining the believability of the witness and his/her testimony:

(a)     How well could the witness see, hear, or know the things about which he testified?

(b)     How well could the witness remember and describe those things?

(c)     Was the ability of the witness to see, hear, know, remember, or describe those things affected by age or any physical, mental, or intellectual disability?

(d)     Did the witness testify in a convincing manner? How did the witness look, act, and speak while testifying?

(e)     Was the witness's testimony uncertain, confused, self-contradictory, or presented in an evasive manner?

(f)     Did the witness have any interest in the outcome of this case, or any bias, or any prejudice, or any other motive that might have affected his or her testimony?

(g)     Was a witness's testimony contradicted or supported by other witness' testimony or other evidence?

(h)     Does the testimony make sense?

(i)     If you believe some part of the testimony of a witness to be inaccurate, consider whether that inaccuracy cast doubt upon the rest of that same witness's testimony. You should consider whether the inaccuracy is in an important matter or a minor detail.

(j)     You should also consider any possible explanation for the inaccuracy. Did the witness make an honest mistake or simply forget, or was there a deliberate attempt to present false testimony?

(k)     As you decide the believability of the witness' testimony, you will at the same time decide the believability of other witnesses and other evidence in the case.

(l)     If there is a conflict in the testimony, you must decide which, if any, testimony you believe is true.

As the only judges of believability and facts in this case, you, the jurors, are responsible to give the testimony of every witness, and all the other evidence, whatever weight you think it is entitled to receive.

Pa. S.S.J.I. (Civ.) 4.20 (2015)

**CONFLICTING TESTIMONY**

12.     You may find inconsistencies *within* the testimony of a single witness, or conflicts *between* the testimony of several witnesses. Conflicts or inconsistencies do not necessarily mean that a witness intentionally lied. Sometimes two or more persons witnessing the same [incident] see, hear, or remember it differently. Sometimes a witness remembers incorrectly or forgets. If the testimony of a witness seems inconsistent within itself, or if the testimony given by several witnesses conflicts, you should try to *reconcile* the differences. If you cannot reconcile the differences, you must then decide which testimony, if any, you believe.

Pa. S.S.J.I. (Civ.) 4.30 (2015)

**INTENTIONALLY FALSE TESTIMONY**

     13.    If you decide that a witness intentionally lied about a significant fact that may affect the outcome of the case, you may, for that reason alone, choose to disbelieve the rest of that witness's testimony. But, you are not required to do so. You should consider not only the lie, but also all other factors I have given you in deciding whether to believe other parts of the witness's testimony.

Pa. S.S.J.I. (Civ.) 4.40 (2015)

**IMPEACHMENT OF WITNESS BY PRIOR INCONSISTENT OR CONSISTENT**
**STATEMENT**

*[Inconsistent Statement]*

      14.    You may have heard evidence that a witness made [an earlier statement] [earlier statements] inconsistent with [his] [her] testimony in court. You may consider the earlier [statement] [statements] to evaluate the believability, in other words, the truthfulness and accuracy of the witness's testimony in court.

*[Consistent Statement]*

You may have heard evidence that a witness made [an earlier statement] [earlier statements] consistent with [his] [her] testimony in court. You may consider the earlier [statement] [statements] *only* to evaluate the truthfulness and accuracy of the witness's testimony in court.

Pa. S.S.J.I. (Civ.) 4.50 (2015).

**EXPERT WITNESSES**

15.     During the trial you have heard testimony from both fact witnesses and expert

witnesses. To assist juries in deciding cases such as this one, involving scientific, technical, or

other specialized knowledge beyond that possessed by a layperson, the law allows an expert

witness with special education and experience to present opinion testimony.

An expert witness gives his or her opinion, to a reasonable degree of professional certainty,

based upon the assumption of certain facts. You do not have to accept an expert's opinion just

because he or she is considered an expert in his or her field.

In evaluating an expert witness's testimony, you should consider the following:

    a.      The witness's knowledge, skill, experience, training, and education,

    b.      Whether you find that the facts the witness relied upon in reaching [his] [her]
            opinion are accurate, and

    c.      All the believability factors I have given to you.

Pa. S.S.J.I. (Civ.) §4.80 (2015).

## <u>EXPERT OPINION - BASIS FOR OPINION GENERALLY</u>

16.     In general, the opinion of an expert has value only when you accept the facts upon which it is based.  This is true whether the facts are assumed hypothetically by the expert, come from his personal knowledge, from some other proper source or from some combination of these. Pa. S.S.J.I. §4.120 (Civ.) (2015).

**EXPERT TESTIMONY:  HYPOTHETICAL QUESTIONS**

17.     The expert [witnesses] [were] asked to assume that certain facts were true and to give an opinion based upon those assumptions. These are called hypothetical questions.

If you find that any important fact assumed in the hypothetical question has not been established by the evidence, you should disregard the expert's opinion given in response to that question.

Similarly, if the expert has made it clear that [his] [her] opinion is based on the assumption that an important fact did *not* exist, and you find that it *did* exist, you should disregard that opinion.

Pa. S.S.J.I. (Civ.) 4.90 (2015)

**CAUTIONARY CHARGE:  JURY IS NOT TO ASSUME THAT JUDGE HAS
EXPRESSED AN OPINION ON THE EVIDENCE**

18.     I have not indicated any opinion on my part concerning the weight you should

give to the evidence or to any part of it. I do not want you to think that I have. It is up to you and

you alone to decide the believability of each witness.

Pa. S.S.J.I. (Civ.) §4.110 (2015).

**CONCURRING CAUSES**

19.     Sometimes a person's conduct combines with other people's conduct to cause an injury. When a defendant's negligent conduct combines with the conduct of other persons, said defendant is legally responsible if his/her negligent conduct was a [substantial factor][1] in causing the harm. In such a case, said defendant is fully responsible for the injury suffered by the plaintiff regardless of the extent to which other defendants' conduct contributed to the injury.


Pa. SSJI (Civ.) §13.150.

---

[1] This bracketed language has been added. Defendant respectfully requests that this Honorable Court instruct the jury as set forth in the First edition of Suggested Standard Jury Instructions and case law applying the "substantial factor" standard.

## SUPERSEDING CAUSES

20      In this case, Plaintiffs have alleged that the Defendants engaged in negligent conduct in their treatment of the minor.

Even if you find that one or more of the Defendants was negligent, the Defendant or the Defendants are not liable to the Plaintiffs if there was a superseding cause of the injury. A superseding cause is an occurrence or an event which not only intervenes in a series of events, but which also breaks the chain of causation between the initial occurrence and the ultimate affect. When that happens, the Defendant or Defendants are not liable. The proper focus in determining whether an intervening act is a superseding cause is when the occurrence or event was so extraordinary as not to have been reasonably foreseeable. *Powell v. Drumheller*, 539 Pa. 484, 495, 653 A.2d 619, 625 (1995); *Davis v. Berwind Corporation*, 547 Pa. 260, 272-273, 690 A.2d 186 (1997); *Phartak v. United Chair Company*, 756 A.2d 690, 698 (Pa. Super. 2000).

21.     The intervening act of a third person is negligent in itself or is done in a negligent

manner making it a superseding cause of harm to another which the actor's negligent conduct is a

[substantial factor][2] in bringing about, if:

a)     the actor at the time of his negligent conduct should not have realized that a third

person might so act;

b)     a reasonable man knowing the situation existing when the act of the third person

was done would regard it as highly extraordinary that the third person had so acted; and

c)     the intervening act is not a normal consequence of a situation created by the

actor's conduct and the manner in which it is done is extraordinarily negligent.


Restatement (Second) of Torts, § 447.

---

[2] This bracketed language has been added. Defendant respectfully requests that this Honorable Court instruct the jury as set forth in the First edition of Suggested Standard Jury Instructions and case law applying the "substantial factor" standard.

**AGENCY**

22.     Agency is a relationship that exists when one person, called a principal or employer, obtains another person, called an agent or employee, to perform services for him or her and to act on his or her behalf, but subject to the principal or employer's right of control, and the agent or employee consents to act in that manner. An agent may be either an employee or an independent contractor.

An employee is one whose conduct in the performance of the service is controlled or is subject to the right of control by the employer. That is, the employer has the right to control not only the results of the work, but also the right to direct the manner in which the work is to be performed. It is the right to control the performance of the work or service that is conclusive, and if such right exists, even though not exercised, the relation of employer and employee may be found to be present.

The principal is liable to third persons for the wrongful conduct of his or her agent or employee performed in furthering the interests, activities, affairs, or business of the principal or employer, if the agent or employee himself or herself is liable.

Plaintiffs claim that Dr. Cho was the agent of St. Christopher's Hospital for Children, Urology for Children, LLC and/or Teleradiology Solutions, P.C. It is for you to decide from all of the evidence received in this case the nature of the relationship then and there existing between these Defendants.

Pa. SSJI (Civ.) §6.00.

23.     Agency is a relationship that is created when one person, called a principal, obtains another person, called an agent, to perform services for him or her and to act on his or her behalf, but subject to the principal's right of control.

A principal is bound by, and liable for, the acts his or her agent does with actual or apparent authority from the principal, and within the scope of the agent's employment.

An act is considered within the agent's authority it:

a)     The principal granted express authority to perform the act;

b)     The act was proper, usual and necessary to the exercise of the authority actually granted by the principal;

c)     The principal's words or conduct would lead a reasonably prudent person to believe that the principal has granted the agent the authority to perform certain acts, or if the principal puts the agent into, or knowingly permits the agent to occupy, a position in which, according to ordinary experience and habits, it is usual for the agent to have authority of a particular kind.  In determining whether the agent had apparent authority, you should look to the actions of the principal, rather than the agent.  However a third party is not entitled to rely on the apparent authority of an agent if he or she has actual knowledge of the limitations of the agent's authority.

d.     The principal knew or should have known that the agent was exercising powers not granted to him or her but the principal fails to take reasonable steps to notify others of the limitations of the agent's authority, and a third party justifiable changes his or her position based on his or her reasonable believe that the agent possesses the authority.

If you find that Dr. Cho was acting within the scope of his authority with St. Christopher's Hospital for Children, Urology for Children, LLC and/or Teleradiology Solutions,

P.C.,  then St. Christopher's Hospital for Children, Urology for Children, LLC and/or

Teleradiology Solutions, P.C. is/are bound by and liable for the acts of Dr. Cho.


Pa. SSJI (Civ.) §6.10.

24.     In this case, Plaintiffs claim that Dr. Cho was the agent of St. Christopher's Hospital for Children, Urology for Children, LLC and/or Teleradiology Solutions, P.C.

To establish that Dr. Cho was the agent of St. Christopher's Hospital for Children, Urology for Children, LLC and/or Teleradiology Solutions, P.C., Plaintiffs must prove the following:

a)     St. Christopher's Hospital for Children, Urology for Children, LLC and/or Teleradiology Solutions, P.C. created an appearance or represented that Dr. Cho was the agent of St. Christopher's Hospital for Children, Urology for Children, LLC and/or Teleradiology Solutions, P.C., either directly to Plaintiffs or to the community by signs or advertising; or

b)     St. Christopher's Hospital for Children, Urology for Children, LLC and/or Teleradiology Solutions, P.C. failed to correct Plaintiffs' belief that Dr. Cho the agent of St. Christopher's Hospital for Children, Urology for Children, LLC and/or Teleradiology Solutions, P.C.

Plaintiffs must also prove that they reasonably relied upon the appearance or representation, or of the failure of St. Christopher's Hospital for Children, Urology for Children, LLC and/or Teleradiology Solutions, P.C. to correct their belief that Dr. Cho was the agent of St. Christopher's Hospital for Children, Urology for Children, LLC and/or Teleradiology Solutions, P.C.

Pa. SSJI (Civ.) §6.20.

25.     If you find Dr. Cho was negligent, St. Christopher's Hospital for Children, Urology for Children, LLC and/or Teleradiology Solutions, P.C. is/are responsible for that negligence if the Plaintiffs prove one of the following:

a)      A reasonably prudent person in the patient's position would be justified in believing that the care in question was being provided by the practice or hospital or its agent; or

b)      The care in question was advertised or otherwise represented to the patient as care being provided by the practice or hospital.


Pa. SSJI (Civ.) §14.80.

## MEDICAL MALPRACTICE – BURDEN OF PROOF

26.     In civil cases [such as this] the Plaintiff has the burden of proving her claims.  The Plaintiff must prove her claims by a legal standard called "a preponderance of the evidence." Preponderance of the evidence means the claim is more likely true than not.

If, after considering all the evidence, you find the Plaintiff's claims are more likely true than not, you must find for the Plaintiff.

Think about an ordinary balance scale with a pan on each side to hold objects. Imagine using the scale as you deliberate in the jury room. Place all the evidence favorable to the Plaintiff in one pan. Place all the evidence favorable to Defendants in the other.  If the scales tip, even slightly, to the Plaintiff's side, then you must find in his favor. If, however, the scales tip even slightly on the Defendants' side, or if the two sides of the scale are equal and balanced, then you must find for the Defendants.

In this case, the Plaintiff has the burden of proving the following claims:

1.     A patient-physician relationship was established between the Decedent and the Defendant(s)

2.     The Defendants were negligent.

3.     The Defendants' negligence was a [substantial factor] in bringing about the harm/damages; and

4.     The extent of damages caused by Defendants' negligence.

Pa. S.S.J.I. (Civ.) §14.30 (2015).

## MEDICAL PROFESSIONAL NEGLIGENCE - INTRODUCTION

27.     Professional negligence consists of a negligent, careless, or unskilled performance [by a professional, including physicians and other healthcare providers] of the duties imposed on him or her by the professional relationship with the [patient]. It is also negligence when a [healthcare provider] shows a lack of proper care and skill in the performance of a professional act.

Pa. S.S.J.I. (Civ.) §14.00 (2015).

[On the other hand, if a physician or healthcare provider performs the duties imposed on him/her by the profession, in a way that does not deviate from accepted standards of medical care, he/she cannot be found negligent.][3]

---

[3] The Defendant requests that this supplemental language be included in the standard jury charge.

## STANDARD OF CARE – PHYSICIANS AND PROVIDERS

28.     A physician must have the same knowledge and skill and use the same care normally used in the their profession. A physician whose conduct falls below this standard of care is negligent.

*[Use the following where the defendant-physician is a specialist:]* [A physician who professes to be a specialist in a particular field of medicine must have the same knowledge and skill and use the same care as others in that same medical specialty. A specialist whose conduct does not meet this professional standard of care is negligent.]

Pa.SSJI (Civ.) § 14.10

[Resident physicians are physicians in training. In other words, they do not have the same knowledge, training and experience as those physicians who have completed and graduated from their residency program, and passed their board certifications. As such, they provide patient care under the supervision and direction of their supervising physician(s).[4]

---

[4] The Defendant requests that this supplemental language be included in the standard jury charge.

**MEDICAL PROFESSIONALS – DO NOT WARRANT OR GUARANTEE THE RESULTS OF THEIR CARE**

29.     An unexpected or an unfortunate result in the course of medical care is not, in itself, proof of negligence, and, it may not be considered as evidence of negligence. *Donaldson v. Mafuchy,* 156 A.2d 835 (1959); *Collins v. Hand*, 431 Pa. 378 (1968); *Tabish v. Jones*, 419 Pa. 218 (1965); *Christopher v. United States*, 237 F. Supp. 787 (E.D. Pa. 1965).

**NEGLIGENCE – NO PRESUMPTION OF LIABILITY**

30.     No presumption of liability of negligence arises merely because medical care either terminates in an unfortunate or unexpected result of complication. *See, e.g. Hamil v. Bashline*, 481 Pa. 256, 392 A.2d 1280 (1978); *Robert v. Chodoff,* 259 Pa. Super. 332, 393 A.2d 853 (1978); *Lambert v. Soltis*, 422 Pa. 304, 221 A.2d 173 (1966); *Donaldson v. Maffucci*, 397 Pa. 548, 156 A.2d 835 (1959); *Robinson v. Wirts*, 387 Pa. 291, 127 A.2d 70 (1956).

## COMPARATIVE NEGLIGENCE IN MEDICAL MALPRACTICE CASES

31.     The Defendants claim that Plaintiffs were negligent. Defendants have the burden of proving by a fair preponderance of the evidence that the Plaintiffs were negligent and that their negligence was a [substantial factor][5] in causing the harm. You must decide whether the Defendants have proved that the Plaintiffs, under all circumstances, failed to use reasonable care for protection of the Minor.

Pa. S.S.J.I. (Civ.) §14.130 (2020)

---

[5] This bracketed language has been added. Defendant respectfully requests that this Honorable Court instruct the jury as set forth in the First edition of Suggested Standard Jury Instructions and case law applying the "substantial factor" standard.

## MEDICAL MALPRACTICE CAUSATION

32.    (A)    Causation

In order for the Plaintiffs to recover in this case, the Defendants' [negligent] conduct must have been a [substantial factor] [6] in bringing about harm. Conduct is a [substantial factor] of harm when the harm would not have occurred absent the conduct. To be a [substantial factor], the conduct must have been an actual, real factor in causing the harm, even if the result is unusual or unexpected. A [substantial factor] cannot be an imaginary or fanciful factor having no connection or only an insignificant connection with the harm.

To be a [substantial factor], the defendants' conduct need not be the only [substantial factor]. The fact that some other causes concur with the negligence of the defendant in producing an injury does not relieve the defendant from liability as long as his or her own negligence is a [substantial factor] of the injury.

Pa. S.S.J.I. (Civ.) §14.20 (2015)

---

[6] This bracketed language has been added.  Defendant respectfully requests that this Honorable Court instruct the jury as set forth in the First edition of Suggested Standard Jury Instructions and case law applying the "substantial factor" standard.

**DAMAGES – CAUTIONARY INSTRUCTION**

33.     The fact that I am instructing you about damages does not imply any opinion on my part as to whether damages should be awarded.  [. . . Rather, I charge you with the damages simply because if you, the members of the jury, conclude that the Plaintiff is entitled to recover, I want you to have the proper elements of damages to consider.]

Pa.S.S.J.I. (Civ.) §7.00 (2015) [modified with additional language in brackets].

## **DAMAGES - GENERALLY**

34.     The jury must first decide whether Defendants are liable to the Plaintiff before considering the question of Plaintiff's damages.  If you decide the issue of liability in favor of the Defendants, you must then return your verdict in Defendants' favor.  In that event, you would have no occasion to consider the issue of damages.  *Wilf v. Philadelphia Modeling & Charm School, Inc*., 205 Pa. Super. 196, 208 A.2d 294 (1965); *DuPont v. Gallagher*, 360 Pa. 419, 62 A.2d 28 (1948).

## DAMAGES CONSISTENT WITH EVIDENCE

35.     Whatever damages you find, they must be based upon reasonable certainty, and the evidence presented during trial, you cannot estimate damages on the basis of mere conjecture or speculation.  *Lorch v. Eglin*, 369 Pa. 315, 320, 85 A.2d 841, 844 (1952).

**MEDICAL MALPRACTICE—DAMAGES (UNDER THE MCARE ACT, EFFECTIVE FOR ALL CLAIMS ARISING SUBSEQUENT TO MARCH 20, 2002)**

36.     DAMAGES GENERALLY

If your verdict is in favor of the Plaintiffs, you must then find an amount of money damages you believe fairly and adequately compensates the Plaintiffs for all the physical injuries and financial damages [he] has sustained as a result of the negligence you have found. The amount you award today must completely compensate the plaintiff for all damages sustained in the past as well as all damages you find the plaintiff will sustain in the future. The verdict sheet you will receive when you begin your deliberations contains a series of questions that will lead you to a proper verdict. There are places for you to record your verdict as to each item of damage I am now describing to you.

**PAST MEDICAL EXPENSES**

The plaintiff is entitled to be compensated in the amount of all past medical expenses reasonably incurred for the diagnosis, treatment, and cure of [his] [her] injuries in the past. These expenses, as alleged by the plaintiff, are in the amount of *[amount]*. As indicated on the jury interrogatory verdict sheet, this verdict should be recorded as a single amount.

**FUTURE MEDICAL EXPENSES**

The plaintiff is also entitled to be compensated for all medical and other related expenses including expenses for the purchase and replacement of medically necessary equipment that you find [he] [she] will reasonably incur in the future for the treatment and care of [his] [her] continuing injuries.

*[First Alternative]*

*[Where the plaintiff objects to periodic payment and stipulates that the value of future medical and other related expenses does not exceed $ 100,000 without reduction to present value.]*

[In awarding future damages for medical and other related expenses, you should award a lump sum. You should adjust this award to account for reasonably anticipated inflation and medical care improvements as presented in evidence.]

*[Second Alternative]*

*[Where the plaintiff seeks future medical and other related expenses of more than $ 100,000 without reduction to present value.]*

[In awarding future damages for medical and other related expenses, you must award an amount for each year of the plaintiff's life in which [he] [she] will incur such damages. [Your award must be based on the present value of the future damages[7].] You should adjust this award to account for reasonably anticipated inflation and medical care improvements as presented in evidence. The verdict sheet contains separate lines for you to decide these future medical expenses by year. You should complete this form by filling in a dollar amount that fully and fairly compensates the plaintiff for all medical expenses you find will be incurred for each year you decide the plaintiff will live.]

**FUTURE LOSS OF EARNINGS AND LOST EARNING CAPACITY**
[Omitted as not applicable]

**PAST AND FUTURE NONECONOMIC DAMAGES**

---

[7] This language was not included in the jury instruction filed by Defendants.

The plaintiff has made a claim for a damage award for past and for future noneconomic loss. There are four items that make up a damage award for noneconomic loss, both past and future: (1) pain and suffering, (2) embarrassment and humiliation, (3) loss of ability to enjoy the pleasures of life, and (4) disfigurement.

The first item to be considered in the plaintiff's claims for damage awards for past noneconomic loss and for future noneconomic loss is pain and suffering. You are instructed that the plaintiff is entitled to be fairly and adequately compensated for all physical pain, mental anguish, discomfort, inconvenience, and distress that you find [he] has endured from the time of the injury until today, and that the plaintiff is also entitled to be fairly and adequately compensated for all physical pain, mental anguish, discomfort, inconvenience, and distress you find [he] will endure in the future as a result of [his] injuries.

The second item that goes to make up noneconomic loss is embarrassment and humiliation. The plaintiff is entitled to be fairly and adequately compensated for such embarrassment and humiliation as you believe [he] has endured and will continue to endure in the future as a result of [his] injuries.

The third item is loss of enjoyment of life. The plaintiff is entitled to be fairly and adequately compensated for the loss of [his] ability to enjoy any of the pleasures of life as a result of the injuries from the time of the injuries until today, and to be fairly and adequately compensated for the loss of [his] ability to enjoy any of the pleasures of life in the future as a result of [his] injuries.

The fourth and final item is disfigurement. The disfigurement that the plaintiff has sustained is a separate item of damages recognized by the law. Therefore, in addition to any sums you award for pain and suffering, for embarrassment and humiliation, and for loss of enjoyment of life,

the plaintiff is entitled to be fairly and adequately compensated for the disfigurement [he] has suffered from the time of the injury to the present and that [he] will continue to suffer during the future duration of [his] life.

In considering the plaintiff's claims for damage awards for past and future noneconomic loss, you will consider the following factors: (1) the age of the plaintiff, (2) the severity of the injuries; (3) whether the injuries are temporary or permanent, (4) the extent to which the injuries affect the ability of the plaintiff to perform basic activities of daily living and other activities in which the plaintiff previously engaged, (5) the duration and nature of medical treatment; (6) the duration and extent of the physical pain and mental anguish that the plaintiff has experienced in the past and will experience in the future, (7) the health and physical condition of the plaintiff prior to the injuries, and (8) in the case of disfigurement, the nature of the disfigurement and the consequences for the plaintiff.

Pa. SSJI (Civ.) §14.150

## MEDICAL MALPRACTICE--PUNITIVE DAMAGES

37.    Punitive damages may only be awarded for willful or wanton conduct or reckless indifference.

Reckless indifference is an intentional act or failure to act in disregard of a risk of harm to others that is known or should be known to be highly probable and with a conscious indifference to the consequences. Reckless conduct is [also] acting or failing to act when existing danger is actually known and with an awareness that harm is highly probable.

In assessing punitive damages, you may consider the character of the health-care providers' act or failure to act, the nature and extent of harm that the health-care provider caused or intended to cause to the patient, and the wealth of the health-care provider.

[Vicarious liability/claim against principal:] [omitted]

Pa. SSJI (Civ.) §14.180; see also, 40 P.S. §1303.505(c)

**<u>VERDICT SHEET</u>**

38.     The verdict form lists a series of questions.  You must answer these questions one by one.

Your vote on each question does not need to be unanimous.  However, at least [ten out of twelve] of you must agree on the answer to each question.

As you work through and answer the questions on the verdict form, another rule applies as well: if your verdict is to be valid, at least the same [ten out of twelve] persons must answer each question the same way.

Pa. S.S.J.I. (Civ.) §14.190 (2015).

## CONCLUDING INSTRUCTIONS GENERALLY

39.     You now have all the rules of law to properly reach a verdict in this case. In a few minutes, you will begin your deliberations. Before you do so, I would like to give you a few final guidelines on conducting your deliberations and properly arriving at a verdict.

My responsibility, as judge, is to decide all questions of law; therefore, you must accept and follow my rulings and these instructions as to matters of law. But I am not the judge of the facts. You, the jurors, are the only judges of the facts. So your responsibility is to consider the evidence and decide what are the true facts.  By applying the rules of law as given to you, to the facts as you find them, you must decide whether the Plaintiff has proven his claims.

The decision in this case, as I am sure you understand, is a matter of considerable importance.  Your responsibility, as jurors, is to reach a verdict based on the evidence presented during the trial, and upon your evaluation of that evidence. You must consider all the testimony you have heard, and all the other evidence presented during this trial, in order to decide the facts.

In deciding the facts, you may properly apply common sense and draw upon your own everyday practical knowledge of life. You should keep your deliberations free of any bias or prejudice. All parties have the right to expect you to consider the evidence conscientiously, and to apply the law as I have outlined it to you.

Before you begin to deliberate, you should select one of your group to be the foreperson. The foreperson will announce the verdict in this courtroom after you have finished deliberating. If, during deliberations, you have a serious doubt about some portion of these instructions, write your question in a note, signed by the foreperson. Give the note to the bailiff. The bailiff will give it to me for response. You should not, however, reveal to anyone how the jury stands numerically.

The verdict should be rendered only after careful and thoughtful deliberations.  In the course of your deliberations, you should consult with each other and discuss the evidence freely and fairly, in a sincere effort to arrive at a just verdict. It is your obligation to consider the evidence and the issues presented with a view toward reaching agreement, if you can do so without violating your own individual judgment.  Each juror must decide this case for himself or herself, after examining the issues and the evidence with proper regard to the opinions of other jurors.  Proper consideration of the issues before you means that you should be willing to reexamine your views and change your opinion, if convinced that it is erroneous; but you are not required to surrender an honest conviction as to the weight or effect of the evidence only because of another juror's opinion, or solely for the purpose of returning a verdict.

Your verdict must represent the jury's considered, final judgment.  While the view of every juror must be considered, your verdict need not be unanimous.  A verdict rendered by five-sixths of the jury shall constitute the verdict of the entire jury.  Five-sixths of twelve is ten.  So when ten of you have agreed that you have reached a verdict, indeed, you have.  You should tell the bailiff, and we will reconvene court to accept your verdict.  *[If this is a jury of less than twelve, the appropriate numbers should be inserted. For example, five-sixths of eight requires a verdict of seven.]*

Please keep in mind that this dispute between the parties is, for them, a most serious matter.  They and the court rely upon you to give full and conscientious consideration to the issues and the evidence before you.  Neither sympathy nor prejudice may influence your deliberations.  You should not be influenced by anything other than the law and the evidence in this case, together with your own judgment and evaluation of that evidence.  All parties stand equally before the court, and each is entitled to the same fair and impartial treatment in your hands.

I am well aware that in daily life, you may regularly communicate with friends and family through text messaging, e-mail, Twitter, social networking sites, chat rooms, Facebook, MySpace, LinkedIn, YouTube, blogs, or other websites.  Remember—you must not communicate about this case in any way, even electronically.

I also am well aware that in daily life, many of you regularly use the Internet to obtain all types of information.  As I told you at the beginning of the trial, anyone can put anything on the Internet and that information may or may not be accurate or reliable, and probably would not have been admissible as evidence during this trial.  During this trial, I had to decide that the information you heard was sufficiently reliable to be admissible under the Rules of Evidence and the law.  Relying on any information you obtain outside the courtroom is not only a violation of these rules, it is unfair because the parties would not have the opportunity to refute it, explain it, or correct it.  Do not use your smartphone, tablet, laptop, home or office computer, or any other electronic device to search for or research online any information that may exist about this case, the parties, or their attorneys, including information that may appear on court websites.  If someone should try to communicate with you about the case during the trial, or if you find one of these rules was broken, including the rule prohibiting independent research, please report it to me or the jury tipstaff immediately so I may evaluate the problem and decide what we must do. You may begin your deliberations.

Pa. S.S.J.I. (Civ.) §12.00

## SUPPLEMENTATION OF POINTS FOR CHARGE

40.     Defendant reserves the right to supplement his Points for Charge based on the

evidence presented at trial.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION

LASHEENA SIPP-LIPSCOMB and :
ANDRES GARDIN, SR., Individually and in their :
own right and as Parents and Natural Guardians of :
A G, JR., a Minor :
 :
V. :  NO.  2:20-cv-01926
 :
EINSTEIN PHYSICIANS PENNYPACK :
PEDIATRICS and :
ALBERT EINSTEIN HEALTHCARE NETWORK :
and AGENT DOE and :  **JURY TRIAL DEMANDED**
ST. CHRISTOPHER'S HEALTHCARE, LLC :  **BY ERIC Y. CHO, M.D.**
f/k/a and/or f/d/b/a St. Christopher's Hospital for :
Children and :
AMERICAN ACADEMIC HEALTH SYSTEM, :
LLC f/k/a and/or f/d/b/a St. Christopher's Hospital :
for Children and :
PHILADELPHIA ACADEMIC HEALTH :
HOLDINGS, LLC f/k/a and/or f/d/b/a :
St. Christopher's Hospital for Children and :
PHILADELPHIA ACADEMIC HEALTH :
SYSTEM, LLC f/k/a and/or f/d/b/a :
St. Christopher's Hospital for Children and :
HAYLEY BARTKUS a/k/a HAYLEY BARKUS :
and ERIN E. HASSEL, M.D. and :
PRAMATH NATH, M.D. and :
UROLOGY FOR CHILDREN, LLC and :
CHARLES W. CONCODORA, M.D. and :
and ERIC Y. CHO, M.D. and :
ARJUN KALYANPUR, M.D. and :
TELERADIOLOGY SOLUTIONS, P.C. :

## <u>CERTIFICATE OF SERVICE</u>

  I, Jacqueline M. Reynolds, Esquire, do hereby certify that a true and correct copy of the

**Proposed Verdict Sheet of Defendant, Eric Y. Cho, M.D.,** was electronically filed with the

Court on the date listed below and is available for viewing and downloading from the ECF System.


MARSHALL DENNEHEY WARNER
COLEMAN AND GOGGIN


BY:___*Jacqueline M. Reynolds*_____
     E. CHANDLER HOSMER, III, ESQUIRE
     JACQUELINE M. REYNOLDS, ESQUIRE
     Attorney ID No.:  28499 / 79769
     Attorneys for Defendant, Eric Y. Cho, M.D.
     620 Freedom Business Center, Suite 300
     King of Prussia, Pa  19406
     Phone:   (610) 354-8250 / Fax:  (610) 354-8299
     Email:echosmer@mdwcg.com
     jmreynolds@mdwcg.com

Date:  _January 17, 2023_____