IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LASHEENA SIPP-LIPSCOMB** *et al.*<br><br>v.<br><br>**EINSTEIN PHYSICIANS PENNYPACK PEDIATRICS,** *et al.* | **CIVIL ACTION**<br><br>**NO. 20-1926** |

### ORDER RE: MOTIONS IN LIMINE

**AND NOW** this 1st day of February, 2023, following a lengthy pretrial argument on Motions in Limine filed by the parties, and for the reasons stated on the record, it is hereby **ORDERED** as follows:

1. The Motion in Limine of Defendants Charles W. Concodora and Urology for Children's to Preclude Any Testimony, Argument, and Evidence Regarding Money Owed to Urology for Children by St. Christopher's Hospital (ECF 223) is **GRANTED.** Unless Plaintiffs can introduce valid facts showing that the motivation for any physicians' conduct was, as alleged, because St. Christopher's Hospital owed money to the physicians' practice, the Court will not allow Plaintiffs' counsel to argue this point.

2. The Motion in Limine of the St. Christopher's Defendants to Preclude Any Reference to EMTALA (ECF 224) is **DENIED** without prejudice, depending on whether Plaintiffs at trial introduce sufficient evidence to allow the jury to consider the claim under EMTALA.

3. The Motion in Limine of the St. Christopher's Defendants to Preclude Plaintiffs from Offering Speculative Damages Evidence (ECF 225) and for a Daubert Hearing is **DENIED** because it is not clear, pretrial, what evidence about damages could be "speculative". Pennsylvania Law allows Plaintiffs to introduce evidence of prognosis and reasonable

predictions of consequences because of allegedly negligent medical care. The extent of Plaintiffs' arguing on this point may be limited at trial.

4. The Motion in Limine of the St. Christopher's Defendants to Preclude Any Reference that Radiology Technician Ms. Bartkus was Engaged in the Unauthorized Practice of Medicine (ECF 226) is **GRANTED** based on the evidence that was presented at the hearing. Plaintiffs may not argue this point during their opening and will have to present specific facts that a physician or physician's assistant violated Pennsylvania Law before the Court will allow the jury to consider a claim of unauthorized practice of medicine, or for Plaintiffs to make such an argument.

5. The Motion in Limine of Defendants Charles W. Concodora, MD and Urology for Children to Preclude Any Speculative and Irrelevant Testimony and/or Argument Relating to the Reason Why Dr. Concodora Recorded His Note Four Days after the Alleged Negligence and that Recording His Note Four Days Later was a Violation of the Standard of Care (ECF 229) will be held under advisement depending on what evidence is introduced about when notes were prepared by a physician and any reason offered for delay before allowing Plaintiffs to argue this point as evidence of liability.

6. The parties are hereby **ORDERED** to reach a stipulation to simplify the presentation of the Defendant entities for trial by February 15, 2023.

BY THE COURT:

/s/ MICHAEL M. BAYLSON

**MICHAEL M. BAYLSON**
**United States District Court Judge**

O:\CIVIL 20\20-1926 Sipp-Lipscomb v Einstein Phys\20cv1926 Memo re Motions in Limine.docx